George Lee REYNOLDS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 14, 1980.

Decided Dec. 5, 1980.

Karl Haller, Asst. Public · Defender, Georgetown (argued), for defendant-appellant.

Merritt Burke, III, Deputy Atty. Gen., Georgetown (argued), for plaintiff-appellee.

Before HERRMANN, C.J., and QUILLEN and HORSEY, JJ.

PER CURIAM:

The defendant, George Lee Reynolds, was convicted of murder in the first degree, robbery in the first degree and conspiracy in the second degree. He appeals from the judgment below and from the failure of the Superior Court to grant a new trial on newly discovered evidence. Four matters are raised.

■ First, the defendant argues that it was error for the Trial Judge to permit a police detective to give an opinion of the significance of the defendant's change in demeanor, so-called "body language", as part of the detective's testimony concerning the interrogation of the defendant on February 13, 1976. The foundation for any such expert opinion indeed appears extremely thin. But the opinion added little, if anything, to the detective's factual recitation. Moreover, since the detective also noted that the defendant in the same conversation thereafter said he knew who committed the murder, the detective's opinion that the defendant "had some intimate knowledge of the incident" amounted to little more than surplusage. If the opinion evidence was admitted in error, it was clearly harmless. Superior Court Criminal Rule 52(a).

Second, the defendant argues that it was error to exclude the tape recording of a truth serum interview with the defendant. The interview had taken place pursuant to a written pretrial stipulation that included an agreement "[t]hat the results of the sodium penathal [sic] test . . . shall be admissible" at trial.* The defendant, through the administering doctor, offered the results, which were favorable to him, particu-

larly as to his exculpatory denial of his presence at the scene on the date of the crime. The defendant argues that the tape was admissible on the basis of the stipulation and independently admissible under our statute, 11 Del.C. § 3507, which provides for the use of a voluntary out-of-court prior statement as affirmative evidence regardless of whether the statement of the declarant is consistent with his in-court testimony.

■ We agree with the Superior Court that the above quoted language of the stipulation as to "results" did not include a tape recording of the entire interview and related procedure. Rather, it seems clear that some confirmation or negation of defendant's version of the facts was contemplated. The doctor testified in support of the defendant.

■ The argued statutory basis for admission is somewhat confusing to deal with in the context of this appeal. Procedurally, insofar as the immediate trial record at the point of the ruling discloses, the statutory basis was not even mentioned until after the ruling on the tape and then counsel's comments were expressly not offered "in the way of further argument." No ruling followed the mention of the statute. Initially the tape had been offered "for the plain pleasure of the jury". Thus, the record indicates that the Trial Judge never expressly ruled on the statutory basis and perhaps he was never asked for a ruling on that narrow point. Substantively, it should be noted that the evidence showed that truth serum produces "a partially sedated state" where "the conscious mind loses the power to monitor, to censor, what is being said." Thus, it is doubtful that a statement made while under the influence of the drug can qualify as a "voluntary out-of-court prior statement" as required by the statute and as " 'the product of a rational intellect and a free will' " as the statute has been construed. State v. Rooks, Del.Supr., 401 A.2d 943, 948–49 (1979). It should also be noted that the defendant was given the

* Sodium amytal was actually used.

additional advantage of testimony of the doctor's impression that the defendant was telling the truth. Under the circumstances, there is no reversible error as a result of a failure to admit the tape. See *Eaton v. State*, Del.Supr., 394 A.2d 217, 218–20 (1978).

The final two matters relate to the motion for new trial on the ground of newly discovered evidence. The chief investigating officer at the time of the investigation, who has since retired from the State Police, was instrumental in instituting a posttrial review of the case by the Superior Court and his affidavit formed the basis of the motion for new trial.

█ The third alleged error was the Trial Court's refusal to qualify the chief investigating officer as a fingerprint expert for the defense during the hearing on the motion for a new trial. It appeared that the officer at one time had taken a multiday course in fingerprint lifting techniques and their classification but, except for this case and frequent lifting, he had never worked with fingerprints or classified them. The cross-examination of the investigating officer with regard to classification of fingerprints demonstrated scant knowledge at best. The ruling denying his expert status was not an abuse of discretion. *Peters v. Gelb*, Del.Supr., 314 A.2d 901, 903 (1973). Moreover, the Trial Judge made it clear that he rejected factually the suggestion that the fingerprint in question was that of the Puerto Rican suggested. There was no error.

█ Finally, the defendant urges that the Trial Judge abused his discretion in denying his motion for a new trial which was based on newly discovered evidence. While the appearance of the chief investigating officer as a posttrial witness for the defense naturally gives one pause, it is the substance of the newly discovered evidence which must be the focus of the inquiry.

As we understand the evidence, a palm print proved of no identification value, two experts testified that the controversial fingerprint was of no identification value, evidence as to the Puerto Rican's association at or near the scene of the crime was far less positive than suggested by the motion, and some evidence relating to the Puerto Rican and certain minibike tire tracks was in the police record all along and available to the defense at the time of trial. On this record, the denial of the motion for a new trial was not an abuse of discretion. See *State v. Lynch*, Del.Ct. O & T, 128 A. 565 (1925).

The judgment of the Superior Court at trial and the denial of the posttrial motion for a new trial are affirmed.