**UNITED STATES**

v.

**Airman Basic Edward P. CLARK, FR 164–58–3513, United States Air Force.**

**ACM 23302.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 July 1981.

Decided 5 Feb. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain William C. Connelly, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before HODGSON, C. J., POWELL, Senior Judge, and MILLER, J.

DECISION

HODGSON, Chief Judge:

A general court-martial, consisting of members, convicted the accused of committing an indecent act on a female under 16

years of age, a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] He was sentenced to a dishonorable discharge, three years confinement at hard labor, and forfeiture of all pay and allowances.

The issue before the court is whether a witness may give his opinion as to the truthfulness of an accused's out-of-court statement. In this case, the witness, purporting to interpret the accused's "body language" concluded that the accused was being untruthful in answering a particular question. We find that admitting such testimony was error, but we affirm the conviction because the accused was not thereby prejudiced.

## I

During an interview with Special Agent Strazzo, Office of Special Investigations (OSI), the accused admitted touching K. M. on the leg and vaginal area, but denied knowing why he did it. Strazzo testified that when the accused denied knowing why he touched K. M. "[H]e looked away from me when he stated it and he moved back from me creating a further space between . . . us." When asked what training he had been given in interviewing techniques and what the accused's movements meant, Strazzo stated:

> We're trained *somewhat* on body language in interview techniques. When an individual fails to look at you and moves away in a manner as that, it *may* indicate that he's *possibly* concealing something from you or there is a matter he doesn't want to discuss with you. [Emphasis added.]

Over objection by defense counsel, Strazzo was permitted to give an opinion, based on the accused's body movements, that the accused was not truthful when he stated he did not know why he touched K. M.

1. He pled guilty to the lesser offense of assault consummated by battery on a female under 16 years of age.

2. As one commentator has observed, "A witness may only testify as to perceptions that most people would say are rationally based on

While Mil.R.Evid. 701 permits opinion testimony by lay witnesses, the inference must be rationally based.[2] The conclusion that the accused's body movements were indicative of untruthfulness was not the outgrowth of any measurable test, but was the result of Strazzo's limited training and experience. His testimony was sharply qualified and used such terms as "somewhat", "may", and "possibly". It was not founded on scientific data. Further, there was no evidence as to how Strazzo had verified in the past the truthfulness of individuals whose body movements he had observed. His conclusion as to the accused's truthfulness was conjecture. While interpretation of "body language" may be a valid interviewing technique, it has no place in the courtroom. *United States v. Adkins*, 5 U.S.C.M.A. 492, 18 C.M.R. 116 (1955); *see*, *United States v. Helton*, 10 M.J. 820 (A.F.C. M.R.1981). Similarly persuaded, the Supreme Court of Delaware in *Reynolds v. State*, 424 A.2d 6 (Del.1980), held it was error for a police detective to give an opinion of the significance of the defendant's change in demeanor, so called "body language," as a part of the detective's testimony concerning an interrogation of the defendant. Accordingly, we hold allowing Special Agent Strazzo to state his opinion as to the accused's truthfulness was error.

## II

Every error in admission of evidence does not require that a conviction be set aside. *State v. Rideau*, 278 So.2d 100 (La.1973). A ruling must be both wrong and harmful to constitute reversible error. *State v. Fredericks*, 154 Conn. 68, 221 A.2d 585 (1966). Harmless error results where it is not reasonably probable that the fact finders were swayed by invalid evidence. *United States ex rel. Springle v. Follette*, 435 F.2d 1380 (2d Cir. 1970). Further, it is

experiences of the witness. For example, it is doubtful that ESP would be accepted as a rational perception, at least not at the present time." S. Saltzburg, L. Schinasi & D. Schlueter, Military Rules of Evidence Manual, 322 (1981).

seldom reversible error to· admit opinion evidence since its foundation is open to cross-examination. *Zimberg v. United States*, 142 F.2d 132 (1st Cir. 1944).

 The accused, a medical administrative specialist having no duties involving patient care, testified to entering K. M.'s hospital room during the night, and touching her leg and vaginal area. He gave no reason for his actions, but denied any intent for sexual gratification. Thus, the only factual issue to be decided was the accused's intent to gratify his sexual desires, which was inherent in his act. *See United States v. Paulding*, 25 C.M.R. 489 (A.B.R.1957), and cases cited therein.

We find the admission of Strazzo's testimony regarding "body language" to be harmless error because evidence of the accused's guilt is compelling. *United States v. Robinson*, 27 C.M.R. 531 (A.B.R.1958); *see United States v. Johnson*, 9 U.S.C.M.A. 178, 25 C.M.R. 440 (1958); *United States v. Beckwith, et al.*, 25 C.M.R. 543 (A.B.R. 1957); *accord, United States v. Bell*, 20 C.M.R. 804 (A.F.B.R.1955); *see also, United States v. Mancino*, 468 F.2d 1350 (8th Cir. 1972); *accord, State v. Reynolds, supra.* We are convinced no reasonable possibility exists that this testimony might have contributed to the accused's conviction. *United States ex rel. Springle v. Follette, supra.*

We have considered the sentence and find it appropriate. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.