**UNITED STATES**

v.

**Airman First Class William D. WAGNER, FR 522–04–7984, United States Air Force.**

**ACM S26670.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Nov. 1984.

Decided 6 June 1985.

---

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Lieutenant Colonel Robert L. McHaney, Jr., USAFR.

Before FORAY, SNYDER, and O'HAIR, Appellate Military Judges.

## DECISION

SNYDER, Judge:

Pursuant to mixed pleas, appellant stands convicted of three specifications of housebreaking and four specifications of larceny. His sentence extends to a bad conduct discharge, confinement for three months, and accessory penalties. We find no error prejudicial to the substantial rights of the appellant and affirm.

Appellate defense counsel submit two assignments of error for our consideration, but only one requires extensive discussion. That assignment of error alleges as follows:

WHETHER THE MILITARY JUDGE ERRED BY ALLOWING A SECURITY POLICE INVESTIGATOR TO TESTIFY AS AN EXPERT ON TRUTHFULNESS.

We hold that the trial judge erred in allowing the investigator's opinion, but we are convinced that the error did not prejudice appellant in any way.

Of the charged offenses, appellant only contested the last larceny specification, which alleged a barracks larceny of $900.00

from one of appellant's barracks mates. Appellant made a full confession of the theft to security police investigators. However, at the trial, appellant's defense was recantation of the confession. He claimed he confessed to an offense which he did not commit because he was tired of "being called a liar and ... just wanted to get out of there [the security police investigations office]." Appellant judicially admitted that the interrogators used neither coercion nor trickery during his interrogation.

To counter appellant's anticipated defense of a false confession, trial counsel began to ask the investigator, Sergeant Coleman, if there were "tools that you can bring to bear, things you can look for in [a] ... suspect's demeanor that leads you to conclude that a statement is or is not being fabricated?" Trial defense counsel immediately objected on the basis of irrelevancy and insufficient foundation as to Sgt Coleman's experience. In response to trial counsel's request for clarification, the trial judge responded as follows:

> Well, if you can demonstrate that he has expert training in being able to use certain investigative techniques that tell the difference between truth and untruth in the statement, then I will allow the question.

Trial counsel then elicited Sgt Coleman's training as an investigator and the fact that the investigator's course specifically included a course on "distinguishing truthful statements from untruthful statements."[1] In response to questions by the trial judge, Sgt Coleman related his extensive experience of over 2000 interviews during a five year period, and the fact that he applied the techniques in question to all of those interviews. He related that the

results of those interviews were generally consistent with the application of those techniques. Sgt Coleman was then allowed to express his "impressions" that appellant was telling the truth at the interrogation when he confessed.

During the instructions on findings, the trial judge instructed the members that Sgt Coleman had testified as an expert in "truth-telling in confessions,"[2] as well as instructing them that it was their sole responsibility to assess the truthfulness of the confession.

## I

■ Only relevant evidence is admissible. Mil.R.Evid. 401. After considering all matters at issue in the instant case, we hold that Sgt Coleman's testimony was relevant on the circumstances surrounding appellant's confession, including appellant's demeanor and any techniques used by Sgt Coleman. Mil.R.Evid. 401, 402.

Appellant's defense that his confession was false, although voluntary, opened the door to this testimony. *See United States v. Snipes,* 18 M.J. 172 (C.M.A.1984); *United States v. Hearst,* 563 F.2d 1331, 1351–52 (9th Cir.1977). The testimony was highly relevant on the issue of whether appellant falsely confessed to a crime which he did not commit.

## II

Although Sgt Coleman's testimony on the surrounding circumstances was relevant, it does not necessarily follow that his interpretation or opinion of those circumstances was admissible. Mil.R.Evid. 702 and 704 govern the areas of opinion testi-

---

1. Counsel must be ever alert to articulate questions clearly on the issue being contested. Trial counsel's questions appear to relate to truth in the abstract, whereas the actual areas of inquiry were police observation of a suspect's demeanor during interrogation, the phenomenon of innocent, uncoerced persons falsely confessing to crimes, and police techniques to detect such persons.

2. Trial counsel did not, in fact, tender Sergeant Coleman to the trial judge to be accepted as an expert witness. However, in view of Sgt Coleman's testimony and the instruction to the members, that technicality does not negate the issue. Contrary to appellate government counsel's averment, trial defense counsel's requesting the expert witness instruction does not constitute a waiver, for a timely objection was interposed to Sgt Coleman's opinion.

mony which are germane to the instant case. Rule 702 reads as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

This area of the Military Rules of Evidence was intended to broaden the parameters of admissible opinion testimony. *United States v. Snipes, supra.* But it is not without limitation.

■ Sgt Coleman's training and extensive experience clearly rendered him more qualified than the average person in the area of criminal investigation and interrogation.[3] However, to be admissible, expert opinion testimony must be helpful to the factfinder in resolving a matter in issue, regardless of the expert's qualifications. Mil.R.Evid. 702; *United States v. Snipes, supra; United States v. Ellsworth,* 738 F.2d 333 (8th Cir.1984); *see United States v. Tyler,* 17 M.J. 381 (C.M.A.1984). The problem with Sgt Coleman's opinion testimony is that it was not admitted to assist the members in the area of criminal investigations, *i.e.,* the circumstances surrounding appellant's interrogation, including his demeanor, but was offered, and admitted, to "assist" the members in making their determination on appellant's credibility, which was one of the ultimate issues of the instant case. This is where the trial judge erred, Rule 704 notwithstanding.[4]

■ Rule 704 of the Military Rules of Evidence deleted the prior restriction against admitting opinion testimony on the ultimate issue of a case. Consequently, an opinion is no longer objectionable merely because it embraces an ultimate issue of the case. *See United States v. Tyler, supra; United States v. McCoy,* 539 F.2d 1050 (5th Cir.1976). Admissibility will depend on the nature of the issue, the circumstances of the case, and judicial discretion. *United States v. McCoy, supra,* 1063. This relaxation, however, does not apply to opinion testimony on the guilt or innocence of the accused, for such opinions are viewed as unhelpful. Drafters' Analysis, Military Rules of Evidence, Rule 704. Additionally, allowing Sgt Coleman's opinion violated the concept that opinion evidence on the truthfulness of a particular witness is inadmissible.

■ Prior to the Federal and Military Rules of evidence, the prevailing rule was that the factfinder needed no expert assistance in deciding whether a particular witness was to be believed. *United States v. Parks,* 17 U.S.C.M.A. 87, 37 C.M.R. 351 (1967); *United States v. Jefferies,* 12 U.S. C.M.A. 259, 30 C.M.R. 259 (1961); *United States v. Adkins,* 5 U.S.C.M.A. 492, 18 C.M.R. 116 (1955). Indeed, it was often stated that, "the jury is the lie detector." *United States v. Barnard,* 490 F.2d 907, 912 (9th Cir.1973). This restriction was not relaxed by either the Federal or Military Rules of Evidence. The rule remains that, absent unusual circumstances, opinion testimony on whether or not to believe a particular witness' testimony simply is not deemed helpful to the factfinder, for the factfinders are perfectly capable of observing and assessing a witness' credibility.[5] *United States v. Ellsworth, supra; United States v. West,* 670 F.2d 675 (7th Cir.1982); *United States v. Provenzano,* 688 F.2d 194, 203–204 (3d Cir.), *cert. denied,* 459

---

3. Although Sgt Coleman related his training at investigator's school on being able to detect whether a person is falsely admitting to or denying a crime, he did not provide the basis for the school's course of instruction, *i.e.,* scientific studies in criminology, etc. He did testify, however, that he had confirmed the principles via his own investigations. *See* Mil.R.Evid. 703.

4. Rule 704 reads as follows:

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

5. This concept is not to be confused with opinion testimony on character, which is allowable under Mil.R.Evid. 608(a) for impeachment purposes. *See United States v. Awkard,* 597 F.2d 667 (9th Cir.1979).

U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982); *United States v. Pacelli,* 521 F.2d 135, 140 (2d Cir.1975); *see United States v. Snipes, supra* (Everett, C.J., concurring). This is especially so where testimony of the accused is involved.

Consequently, Sgt Coleman should not have been referred to as an expert on "truthtelling in confessions," and his opinion on whether appellant was truthful when he confessed should not have been allowed. *See United States v. Clark,* 12 M.J. 978 (A.F.C.M.R.1982). Remaining is the issue of prejudice.

### III

■ Not every instance of admitting inappropriate opinion testimony results in reversible error. Only improper opinion testimony which prejudices the accused results in reversible error. *United States v. Adkins; United States v. Clark,* both *supra.* After closely reviewing the instant case, we conclude that appellant was not prejudiced.

First, Sgt Coleman provided all the surrounding circumstances of appellant's interrogation which formed the basis for his opinion on appellant's truthfulness. Thus, the members had the basis for making their own independent judgment. *Cf. United States v. Phillips,* 600 F.2d 535, 539 (5th Cir.1979). Second, the trial judge instructed the members that it was solely their determination as to what weight to give Sgt Coleman's testimony, and whether appellant's confession was true. In fact, there were three separate instructions to that effect. Third, appellant testified on the merits; thus, the members were able to make their determination of appellant's believability firsthand. *Cf. United States v. Clark, supra.* We are convinced that Sgt Coleman's opinion had little, if any, impact on the verdict.

### IV

■ Appellant's final assignment of error is that his confession was not adequate-

ly corroborated. We find the evidence of corroboration to be more than sufficient to support the truthfulness of the essential facts. Mil.R.Evid. 304(g). There was direct evidence of appellant's opportunity to commit the offense. Further, the circumstantial evidence is impressive. There was evidence of appellant's desire to take leave in the United States and his lack of substantial sums of money after meeting existing monthly debts.[6] A short period of time after the theft, appellant purchased a plane ticket to the United States and a stereo equalizer. Under the circumstances, the direct and circumstantial evidence of record raises a strong inference of truthfulness. *See United States v. Baran,* 19 M.J. 595 (A.F.C.M.R.1984), *pet. granted,* 20 M.J. 143 (1985). The assignment of error is without merit.

### V

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.

---

**6.** Appellant claimed he purchased his ticket with money he saved during the previous nine months and which he kept secreted in a camera case inside his wall locker. This manner of

safeguarding money was inconsistent with the fact that appellant had a local checking account which received his monthly paycheck directly from the disbursing office.