**UNITED STATES, Appellee,**

**v.**

**Private E–1 Lawyer BELL, Jr., 214–70–7513, United States Army, Appellant.**

**CM 446897.**

U.S. Army Court of Military Review.

19 Dec. 1985.

---

■

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC, Captain H. Alan Pell, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain Alan L. Overton, JAGC (on brief).

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

### OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, contrary to his plea, of aggravated assault with intent to inflict grievous bodily harm in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. His approved sentence includes a dishonorable discharge, forfeiture of all pay and allowances and confinement for five years.

He now raises two issues, only one of which warrants discussion. Appellant claims the military judge erred by allowing, over defense objection, a lay witness to testify as to his opinion on the guilt or innocence of the appellant. We disagree and affirm.

Appellant was originally charged with attempted murder. This charge was derived from the following facts. On 27 June 1984, appellant and two others, all of whom had been drinking, were sitting in appellant's parked car. Appellant and one Private First Class (PFC) Graham were in the front seat and Private (PVT) Curtis Johnson was in the rear seat. Appellant and Graham began talking about a soldier, one PFC Heaster, who was passing by at that moment, but who was unknown to all three men in the car. Appellant and Graham started talking about betting and appellant said, "I bet I can hit him." Johnson then heard a "pow." Other evidence showed PFC Heaster was at that time and place hit in the left arm by a bullet from a pistol, causing serious medical injuries. Appellant defended on two bases: (1) he did not fire the shot in question and (2) voluntary intoxication.

The government called PVT Johnson as a witness; he testified that he heard PFC Graham and appellant talking about a white male walking in the area. He further testified that as he started to exit the car, he saw a white male, but he then fell back into the car's rear seat. Private Johnson heard the "bet dialogue" between appellant and PFC Graham, and then, a few seconds later a "pow." After a few seconds the three men in the car, according to Johnson, quickly exited the car and left the scene.

During the direct examination of PVT Johnson, the following colloquy occurred:

Q: Private Johnson, I want you to look at this jury and tell them who shot that man on the 27th of June?

A: Sir . . .

Q: Who shot him?

A: Sir, I didn't see no one shoot anybody. I can tell you what I heard and what I know as far as I know of.

Q. Let me ask you some questions. While you were in the back seat of that car and this event, if you want to call it that, was taking place, and after you went down and saw the ambulance and the person there. Did you formulate an opinion in your own mind of what had happened?

DC: Objection, I am going to object to any opinion testimony from this witness. It is clearly inadmissible.

TC: Your Honor, under Military Rule of Evidence 701, a layman's opinion rationally based to the perception that that witness was able to obtain, are permissible.

MJ: Overruled.

TC: Thank you, Your Honor.

DC: May I humbly ask that you reconsider that, Your Honor, because that rule contemplates—as the analysis clearly

makes out—the kind of opinions that are within the common experience of mankind, such as opinions with respect to speed, opinions with respect to demeanor, anger and such; it does not contemplate the admissibility of the opinion as to the ultimate issue in the case.

TC: Your Honor, specifically what Captain Woodruff says is correct, that this rule allows in matters that are within a non-expert ability to perceive and conclude from, and their everyday experiences. The testimony has been that this person was in the backseat and he heard the accused say, "I bet I can hit him". He heard Michael Graham say, "Bet." And then he heard a pow and then he saw an injured person. And so he didn't directly see anybody shoot anyone, so that he didn't directly see that, but based upon his everyday experiences, to use Captain Woodruff's phrase, he has an opinion of who did that shooting, and that falls clearly within Military rule of Evidence 701 and the language therein.

MJ: Based on your request, I have reconsidered my ruling and adhere to it, overruled.

Questions resumed by trial counsel:

Q: Private Johnson, did you formulate an opinion, you have already explained you didn't see directly what happened, but did you formulate an opinion based on your sitting in that backseat of what happened that night?

A: Everybody formed an opinion that night.

Q: Did you formulate an opinion?

A: An opinion with everybody else's opinion? Yeah, I formed one myself.

Q: An opinion based upon what you saw and observed.

A: Yes, sir.

Q: Thank you. Now could you please tell them specifically what your opinion is of what happened that night.

DC: I am going to object to that question, Your Honor.

MJ: Overruled.

TC: Go ahead and answer the question, please.

A: Okay, after all the incidents that went down and all the knowledge that I heard and saw, you know, I said to myself that Lawyer Bell had done it.

TC: Excuse me, you said ...

DC: Objection, Your Honor, he doesn't need to have him repeat it.

MJ: I didn't hear him myself and I am sitting right next to him.

A: I said to myself that I thought that Lawyer Bell had done it.

The problem before us is governed by Rules 701 and 704 of the Military Rules of Evidence (MRE). MRE 701 states:

*Opinion Testimony by Lay Witnesses*

If the witness is not testifying as an expert, the testimony of the witness in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the testimony of the witness or the determination of a fact in issue.

This rule is taken from the Federal Rules of Evidence without change and superceded portions of paragraph 138*e* of the Manual for Courts-Martial, United States, 1969 (Revised edition), which limited lay opinion testimony. Additionally, MRE 704 states:

*Opinion on Ultimate Issue*

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

This rule is also taken verbatim from the Federal Rules and addresses a then unsettled area of military law.

■ Military Rule of Evidence 701 abandoned the old, orthodox rule of exclusion of lay opinion testimony, and allows such testimony if it is rationally based on the witness' own perception and it is helpful to the trier of fact.[1] Applying these two criteria,

---

1. See Weinstein's Evidence, United States Rules, para 701[02] for an excellent discussion and case citations.

we find PVT Johnson's "opinion," that appellant shot the victim, merely gives voice to the obvious. The witness saw the victim, saw the others in the car, and heard the shot; all of these qualify as perceptions of the witness. Additionally, it is clear his perceptions are rationally based. Further, we find his opinion helpful to the triers of fact. Accordingly, the opinion evidence is proper under MRE 701.

 We must however, further decide if the evidence comports with MRE 704. Rule 701 must be read in conjunction with Rule 704, which permits opinion on the ultimate issue in the case.[2] The Court of Military Appeals has recently spoken on this subject in *United States v. Cameron*, 21 M.J. 59, 63 (C.M.A.1985), and said:

> Rule 704 of the Military Rules of Evidence deleted the prior restriction against admitting opinion testimony on the ultimate issue of a case. Consequently, an opinion is no longer objectionable merely because it embraces an ultimate issue of the case. *See United States v. Tyler* [17 M.J. 381 (C.M.A. 1984)] *supra; United States v. McCoy*, 539 F.2d 1050 (5th Cir.1976). Admissibility will depend on the nature of the issue, the circumstances of the case, and judicial discretion. *United States v. McCoy, supra*, 1063. This relaxation, however, does not apply to opinion testimony on the guilt or innocence of the accused, for such opinions are viewed as unhelpful. Drafters' Analysis, Military Rules of Evidence, Rule 704. Additionally, allowing Sgt Coleman's opinion violated the concept that opinion evidence on the truthfulness of a particular witness is inadmissible.

Considering that guidance, based on the circumstances of the case, and considering the discretion given the trial judge, we find the evidence admissible. *Cf. United States v. Snipes*, 18 M.J. 172 (C.M.A.1984); *United States v. Wagner*, 20 M.J. 758 (A.F.C.M. R.1985).

2. Saltzburg, Schinasi, and Schleuter, Military Rules of Evidence Manual, p. 323. See cases

 In any event, given the fact that Pvt Johnson testified exactly as to what he saw and did not see, thus giving the members a basis to make their own judgment; the trial judge's instructions on credibility and the fact that appellant testified on the merits, again giving the members an opportunity to make a first hand judgement of his credibility; we are pursuaded that if there was any error, it was harmless. *United States v. Wagner, ibid; cf. United States v. Irvin*, 13 M.J. 749 (A.F.C.M.R.1982).

We deem appellant's other error to be without merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge PAULEY and Judge De GIULIO concur.