**UNITED STATES**

v.

**Sergeant Jewel B. FARRAR, FR 195–54–5325, United States Air Force.**

**ACM S27611.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 May 1987.

Decided 10 Feb. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major William J. Reichart.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

On 15 October 1986, the appellant was selected for random urinalysis testing which confirmed the presence of benzoyle-cognine metabolites in her urine. Expert testimony established that only cocaine produces benzoylecognine. She denied using cocaine at any time during her military career and did not associate with people who used cocaine. Additionally, she presented testimonial and documentary evidence as to her good military character and reputation for truthfulness. She had no explanation for the test results.

## I

Evidence that an accused is truthful and possesses good military character may itself generate a reasonable doubt in the factfinder's mind. *United States v. Vandelinder*, 20 M.J. 41 (C.M.A.1985). At trial the defense tendered the testimony of Huey Calvin Lee, who, as the Deputy Director of the Alcohol and Rehabilitation Center, Wilford Hall USAF Medical Center, interviewed the appellant on 7 January 1987. Mr. Lee has a Master's Degree in social work and extensive experience with drug and alcohol abuse rehabilitation. As the result of an intensive three hour one-on-one interview with the appellant, he came to the conclusion that she was telling the truth when she denied using cocaine. For that reason he recommended that she not be placed in the drug abuse rehabilitation program.

Mr. Lee stated that he did a "mental status examination," but did not specifically identify the methodology he used. He indicated the appellant was "slightly subdued, alert and cooperative, [and] she maintained good eyesight with appropriate responses." It was his opinion that "eye contact and [an individual's] entire mannerisms oftentime will give you good indications whether the person is very truthful with you." He detected no "defensive mechanisms" that would indicate untruthfulness or any traits that suggested drug abuse. He defended his diagnosis that the appellant was not a drug abuser by stating:

A. It's in my professional judgment, if you have a person on a one-on-one for three hours during an intense non-disturbed type confrontation, give and take, you have a pretty good indication [if that individual uses drugs]. Maybe you could not justify [that] person as a drug user, but you would get a pretty good indicator as to whether there is something going on with [that] person.

The testimony of Mr. Lee was offered as that of an expert witness who could assist the triers of fact in determining whether the appellant had used cocaine. Mil.R. Evid. 702. The military judge excluded the testimony holding that Lee's evaluation of the appellant was essentially an assessment of her credibility and not helpful to the factfinders. It is the correctness of this ruling that the appellant challenges on appeal.

The requirement that a party who wished to offer evidence of a scientific nature must first establish that it had gained "general acceptance in the particular field in which it belongs" no longer exists in military law. *See Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). This strict test was abandoned by the Court of Military Appeals in *United States v. Mustafa*, 22 M.J. 165 (C.M.A.1986). The test enunciated there was one of relevance. Would the testimony be helpful to the factfinders? *See United States v. Gillette*, 22 M.J. 840 (A.F.C.M.R.1986); *aff'd* 25 M.J. 243 (C.M.A.

1987); *cert. denied* —— U.S. ——, 108 S.Ct. 710, 98 L.Ed.2d 660 (1987). The admission of evidence in this area is a matter within the discretion of the trial judge. *United States v. Mustafa, supra; see* Mil.R.Evid. 401 and 402.

Mil.R.Evid. 704 eliminated the prior restriction against admitting an opinion on the ultimate issue of the case. *See United States v. Hill–Dunning,* ACM 25508, 2 December 1986; *pet. granted* 25 M.J. 209 (C.M.A.1987) (Did the military judge abuse his discretion by refusing to permit a defense expert witness to testify as to the ultimate issue in the case?).

In *United States v. Cameron,* 21 M.J. 59 (C.M.A.1985) at page 63, Chief Judge Everett quoted with approval our decision in *United States v. Wagner,* 20 M.J. 758 (A.F. C.M.P.1985). There, we held that the relaxation on admitting opinions on the ultimate issue did not extend to opinion testimony on the guilt or innocence of the accused, for such opinions were viewed as unhelpful. In *Cameron,* the Court of Military Appeals reversed a conviction for child abuse where an expert witness was permitted to testify that he believed the alleged victim's account of the incident. A unanimous Court of Military Appeals followed this holding in *United States v. Petersen,* 24 M.J. 283 (C.M.A.1987), by overturning another child abuse conviction because a social worker was allowed to state she believed the victim's story. Writing for the Court, Judge Cox stated, "We are skeptical about whether any witness could be qualified to opine as to the credibility of another [witness]." *Petersen* at 284.

It is clear that expert opinion testimony has its limitations. *United States v. Cameron, supra.* In his concurring opinion in *United States v. Mustafa, supra,* Chief Judge Everett expressed his concern "that purported 'experts' may be allowed to express opinions for which there is no scientific basis."

■ Mr. Lee's opinion that the appellant was truthful when she denied using cocaine was based on a three hour interview wherein he had the opportunity to speak with her and observe her "mannerisms," i.e., eye contact and lack of "defensive mechanisms." In *United States v. Clark,* 12 M.J. 978 (A.F.C.M.R.1982) and *United States v. Wagner, supra,* we held that the interpretation of body language by a witness cannot be offered as expert testimony on "truth telling." The gist of Mr. Lee's proffered testimony was that his experience as a drug abuse counsellor permitted him to make a judgment whether the appellant was truthful when she denied cocaine use. Such a judgment might be helpful in deciding if the appellant should enter a drug rehabilitation program, but it has no place in the courtroom. The trial judge did not abuse his discretion in excluding Mr. Lee's testimony. *But see United States v. Jenkins,* ACM S27275, 10 March 1987, *pet. granted,* 12 January 1988 (C.M.A.) (Did the military judge err in refusing to allow defense to present clinical psychologist's opinion testimony about appellant's honesty when that opinion was based on three or four 45 minute interviews and the results of a personality screening test?).

II

■ The appellant contends that the trial judge erred by excluding her testimony that she had had two subsequent urinalyses which were negative. This testimony was offered to establish her good military character. In *United States v. Johnson,* 20 M.J. 610 (A.F.C.M.P.1985), we concluded the trial judge erred by excluding evidence of a negative urinalysis taken *during* the period the drug abuse allegedly happened. Under those facts evidence of a negative urinalysis would have a "tendency" to cast doubt on testimony that the appellant was seen using marijuana. *See* Mil.R.Evid. 401. That is not this situation. Here, the defense made no offer of proof as to when the later tests were conducted. It could have been the day after the initial urinalysis inspection, 15 October 1986, or the day before she testified at trial, 20 May 1987 —a span of seven months. It is difficult to see the relevancy of a negative urinalysis within such a long period. On the record before us, we conclude that the trial judge

did not abuse his discretion in excluding the testimony.

### III

Appellate defense counsel also urge that the evidence does not create an inference that the appellant knowingly ingested cocaine and that the trial judge's instruction to the members permitting them to infer "wrongfulness in the absence of evidence to the contrary" shifted the burden of proof to the appellant. This claim of error has been raised before us and the Court of Military Appeals, and has been rejected at both levels of appeal. We do so again today. *United States v. Harper*, 22 M.J. 157 (C.M.A.1986); *United States v. Murphy*, 23 M.J. 310 (C.M.A.1987); *United States v. Ford*, 23 M.J. 331 (C.M.A.1987); *United States v. Bassano*, 23 M.J. 661 (A.F.C.M.R.1986), *pet. denied* 25 M.J. 219 (C.M.A.1987). *But see United States v. Brown*, ACM S27717, 8 January 1987, *pet. granted* 25 M.J. 250 (C.M.A.1987) (Whether the military judge erred to the substantial prejudice of the appellant by failing to instruct that the use of a controlled substance must be knowing and/or conscious where such knowledge was essential element of the offense?).

### IV

The remaining assigned error is resolved against the appellant. *United States v. Jette*, 25 M.J. 16 (C.M.A.1987). For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

Senior FORAY and Judge HOLTE concur.