**UNITED STATES**

v.

**Senior Airman Paul S. HEMENWAY, FR 009–58–6292, United States Air Force.**

**ACM 24577.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 Aug. 1984.

Decided 27 Feb. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Lieutenant Colonel Peter Reilly, USAFR, and Major Conrad C. Baldwin.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

**956**

## DECISION

RAICHLE, Senior Judge:

The accused pled and was found guilty, pursuant to a pretrial plea agreement, of use, distribution, and possession of marijuana, and use of cocaine. Appellate defense counsel have alleged that the court-martial lacked subject matter jurisdiction over the cocaine offense. We disagree.

The use of cocaine occurred while the accused was on a 40-day leave at home in Maine while enroute to his assignment at George Air Force Base, California, from Kadena Air Base, Japan. The stipulation of fact admitted at trial indicated that the accused and his girlfriend used a half ounce of cocaine over a two week period until it was gone. The accused told investigators that he felt he was "hooked" on cocaine for awhile, but kicked the habit.

The jurisdictional allegations required by *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977), state only the following regarding the cocaine offense: "The use of cocaine alleged in Specification 3 brought discredit on the accused as a member of the Air Force". The military judge made no jurisdictional findings on the record as to any offense and jurisdiction was not contested in any manner. In fact, when the judge inquired of defense counsel as to whether he perceived any problems as a result of the use of any drugs while the accused was on leave, the defense counsel replied that he did not.

The Court of Military Appeals has held that "almost every involvement of service personnel with the commerce in drugs is 'service connected'". However, the Court also noted:

> [I]t would not appear that use of marihuana by a serviceperson on a lengthy period of leave away from the military community would have such an effect on the military as to warrant the invocation of a claim of special military interest and significance adequate to support court-martial jurisdiction under *O'Callahan* [*v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291]. Similarly, the interest of the military in the sale of a small amount of a contraband substance by a military person to a civilian for the latter's personal use seems attenuated. (citation omitted).

*United States v. Trottier*, 9 M.J. 337, 350 n. 28 (C.M.A.1980).

The question at hand, then, is whether use of cocaine by a servicemember during a 40-day leave away from any military community involves such unique military interest and significance so as to support court-martial jurisdiction. We believe that it does.

In arriving at this conclusion, we interpret the holding in *Trottier* to confer court-martial jurisdiction over all drug cases except for the few which *may* fall into the categories enumerated in the footnote, above. Thus, in this case since the substance used was cocaine, a habit-forming narcotic drug, and not marijuana, the rationale of the footnote is not fitting. We find the court-martial had jurisdiction over the offense. *See United States v. Lockwood*, 15 M.J. 1 (1983).

Accordingly, the findings and sentence as approved are

AFFIRMED.

CANELLOS, Senior Judge, and CARPARELLI, Judge, concur.