UNITED STATES

v.

Sergeant Jennifer M. PHILLIPS, FR
571–13–8106, United States
Air Force.

ACM 28909.

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 Sept. 1990.

Decided 14 March 1991.

Appellate Counsel for the Appellant: Major Bernard E. Doyle, Jr. (argued), and Lieutenant Colonel Jeffrey R. Owens.

Appellate Counsel for the United States: Captain Morris D. Davis (argued), Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, and Major Paul H. Blackwell.

Before LEONARD, RIVES, and JAMES, Appellate Military Judges.

OPINION OF THE COURT

JAMES, Judge:

Sergeant Phillips pleaded guilty to and was convicted by a general court-martial of divers uses of cocaine and two uses of marijuana. The court-martial (with members) sentenced her to be discharged from the service with a bad conduct discharge, to forfeit all pay and allowances, and to be reduced to pay grade E–1. The convening authority approved the discharge and reduction but not the forfeitures.

■ Appellant's pleas were conditional (a matter to which we return below), to preserve one issue: "pretrial motions relating to the suppression of illegally seized evidence." *See generally* R.C.M. 910(a)(2). The motion she preserved relates to a search of her purse that produced a straight razor on which were found traces of cocaine. The prosecution argued that the search was lawful, justified by appellant's consent. Appellant countered that she simply acquiesced to the investigator's authority. We have carefully considered the record, the military judge's findings of fact and conclusions of law, the briefs of appellate counsel, and their stimulating arguments. We find the evidence clear and convincing that appellant consented voluntarily to the search. Article 66(c), UCMJ, 10 U.S.C. sec. 866(c) (1988). *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct.

2041, 36 L.Ed.2d 854 (1973); *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *United States v. Goudy,* 32 M.J. 88 (C.M.A.1991); *United States v. Middleton,* 10 M.J. 123 (C.M.A. 1981); Mil.R.Evid. 314(e).

This case illustrates a pitfall for staff judge advocates and trial counsel who consider conditional offers to plead guilty. The record does not disclose why the controverted evidence was important—or even relevant. Thus, we may have been required, in the interests of finality, to give an advisory opinion on a moot, solely academic issue. Given the substantial investment of resources incidental to our review of a case, that would be a waste. The details of this problem deserve some discussion here so that the waste we fear will be less likely.

Whenever there is issue-focused litigation, there is danger that the record will not be developed well enough to serve on appellate review. One contributor to that phenomenon is "target fixation," when counsel so concentrate on the core issue that collateral but important matters are forgotten. That danger is often alleviated when trial on the merits follows because the presentation of evidence in a complete factual fabric encourages sewing together the loose ends. A conditional plea of guilty does nothing to help develop the record, and counsel who fix too closely on the core issue litigated can easily overlook important collateral matters. *See, e.g., United States v. Forbes,* 19 M.J. 953 (A.F.C.M.R. 1985).

In this case the collateral matter is extremely important to us: Whether the disputed evidence would *ever* have been relevant. The chronology illustrates that question:

| | |
|---|---|
| Alleged use of cocaine | 31 Dec 87 to 31 Aug 89 |
| Alleged use of marijuana | 13 & 20 Feb 90 |
| Seizure of the razor and cocaine residue | 20 Feb 90 |

Appellant's possession in 1990 of a trace of cocaine on a razor can hardly be relevant to either specification except in two circumstances. First, it may be that the 1990 possession of drug abuse paraphernalia

could have been offered to corroborate the confession to use of the same drug 6 months earlier. Perhaps appellant had more confidence in the likelihood of admission on that theory than the prosecution had; she did not litigate the adequacy of corroboration as she might have.[1] Second, it may be that appellant feared that the uncharged possession of a trace of cocaine would be admissible to impeach her if she testified in her own behalf. We are dubious; a denial would apparently have been perjurious and inconsistent with her confession. Thus, the evidence on which the parties spent their time at trial may have been inadmissible for reasons other than that it was, urged appellant, unlawfully seized. Those reasons, however, were not preserved by the conditional plea.

Nonetheless, R.C.M. 910(a)(2) permits this procedure and requires our review of the issue, regardless whether it may be a waste of the effort of this Court, appellate counsel, and others. Were we not to review the issue, we fear that appellant's privilege to withdraw her plea might remain ambulatory. Thus, we are coerced by the procedural posture of such a case to refrain from exercising traditional judicial discretion to decline to review moot issues and to decline to give advisory opinions.

The drafters of the federal civilian corollary, Fed.R.Crim.P. 11(a)(2), were aware of this problem and dismissed it. *See generally,* Notes of the Advisory Committee on Rules, *reprinted at* 18 U.S.C.A., Rule 11, p. 359 et seq. They anticipated that trial judges and the prosecution would be alert to such problems and cure them either by assuring that the record is well made or by withholding their essential consent and approval to the conditional plea:

> As for the consent by the government, it will ensure that conditional pleas will be allowed only when the decision of the court of appeals will dispose of the case by allowing the plea to stand or by such action as compelling dismissal of the indictment or suppressing substantial evidence.

---

1. We do not decide the issue today.

*Id.* at 360. We must trust the staff judge advocate and military judge to take the same precautions, R.C.M. 910(a)(2); Air Force Regulation 111–1, Military Justice Guide, paragraph 12–8 (30 September 1988), and in this case we will assume that they did. *See Forbes,* 19 M.J. 955.

■ We hope that this case will alert all to the special demands of such a plea and the resulting litigation. Staff judge advocates and military judges should not permit conditional pleas that only preserve issues that would not terminate the prosecution because to do so invites piecemeal appeals and the kind of appellate confusion suffered in this case. *United States v. Wong Ching Hing,* 867 F.2d 754, 758 (2d Cir. 1989).[2] *See United States v. Yasak,* 884 F.2d 996, 999–1000 (7th Cir.1989). This approach mirrors that of the prosecution's privilege to take an appeal pendente lite "from an order or ruling ... which terminates the proceedings ... or which excludes evidence that is substantial proof of a fact material in the proceeding." 10 U.S.C. sec. 862(a)(1), Article 62(a)(1), UCMJ.

■ When conditional pleas are permitted, the parties must be careful to develop the record fully, including such collateral aspects as the relevance of disputed evidence. That development should begin (but not end) with a full and precise identification of the issue in the written agreement, which is mandatory. The convenience of a conviction on a conditional plea may later evaporate on appeal if relevance and similar aspects are poorly developed on the record: If the plea is then set aside, the command is left with a complex case to unravel, with the further complication that it must do so belatedly.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

RIVES, Judge (concurring):

The dissent in this case lends emphasis to the problem we face: A question that need not have been raised could invalidate all the questions that were properly resolved. An issue that should have been avoided at trial could cause the case to be reversed on appeal.

The suppression motion relates solely to a razor that was seized in a search of the appellant's purse. The trial judge and the lead opinion say the government proved by clear and convincing evidence this was a consensual search, not merely acquiescence. I fully agree. I write separately, however, to stress the problems that can be created by conditional pleas.

The suppression motion raises an interesting legal point—in the abstract. Review of the record, however, makes it clear that this issue was never important to the disposition of this case. Regardless how the judge ruled on the motion, the outcome of the trial would not have been different. Without resort to the razor, I'm satisfied that the government had abundant independent evidence to charge, try, and convict the appellant.

The appellant had been exceptionally cooperative with investigators. The defense does not contest the fact that she provided a fully admissible confession and that she voluntarily consented to a search of her home, automobile, and urine specimen. There is no issue whether the confession and searches were tainted, since they all occurred before the disputed search of the purse. *Cf.* Mil.R.Evid. 304(e)(3). If the case had been litigated, the government apparently also had several witnesses available to testify about the charged offenses.

When the defense made its suppression motion, the prosecutors could have neatly mooted the issue by stating they had no intention to introduce the evidence seized from the purse. As the lead opinion makes clear, the relevance of the disputed evidence is very questionable under any scenario. In fact, the government did not introduce that evidence even after the judge's ruling permitted them to do so!

---

**2.** The circuit court in *Wong Ching Hing* was unable to determine whether the preserved issue would completely dispose of the case because there was no written agreement. Its solution was to vacate the plea.

This issue can be perceived in these terms: Since the evidence was of questionable relevance, since it was not needed and in fact not used, why did the government agree to a conditional plea when that procedure could render the entire trial a nullity if an appellate court determines the military judge decided wrongly?

I join Judge James and urge trial counsel and staff judge advocates to exercise care in this area. Unless resolution of the issue would be case-dispositive, the value and propriety of a conditional plea are extremely dubious.

LEONARD, Senior Judge, dissenting:

I dissent from the holding that appellant voluntarily consented to the search of her purse. However, I share the concern of Judge James and Judge Rives over the failure of the parties to adequately develop the relevance of the disputed evidence and join them in urging closer attention to the necessity of conditional guilty pleas.

With respect to the disputed search, applying the totality of the circumstances rationale set forth in *United States v. Goudy*, 32 M.J. 88 (C.M.A.1991), I would find that the government did not meet its burden of proving by clear and convincing evidence that appellant consented voluntarily to the search of her purse. *Id.*, at 90; Mil.R.Evid. 314(e)(5).

The military judge's findings of fact on this issue clearly established that: appellant was in the bedroom of her house in the custody of three investigators at the time the search occurred; appellant had not previously consented to the search of her purse; the search of the purse was accomplished during the agents' search of her residence; the request to search the purse was made suddenly, without any advance warning; appellant was not informed that she had a right to refuse to consent to the search; the investigators made no attempt to obtain a written consent for the search of the purse; and previous requests by the investigators for consent to search her residence, urine, and automobile had all been obtained in writing with clear advice of the right to refuse.

In *Goudy*, the Court specified knowledge of the right to refuse consent and whether the person giving consent is in some form of custody are important factors in applying the totality of circumstances test. *Goudy*, 32 M.J. at 90. In appellant's case, both of these "important factors" were resolved against the government. Further, the facts found by the military judge are almost identical to the facts of the case of *United States v. Ward*, 19 M.J. 505 (A.F.C. M.R.1984) where we found that Lieutenant Ward had not voluntarily consented to the search of his person.

Applying the rationale of the *Ward* and *Goudy* cases, I would find that appellant merely acquiesced to the search of her purse and the evidence obtained in that search must be suppressed. *Goudy*, 32 M.J. at 90; *Ward*, 19 M.J. at 507. Therefore, pursuant to R.C.M. 910(a)(2), I would allow appellant to withdraw her pleas of guilty.