OPINION OF THE COURT
YOUNG, Senior Judge:
Court members convicted appellant of wrongfully using cocaine on divers occasions and sentenced him to a bad-conduct discharge, confinement for a year, forfeiture of $600 pay per month for a year, and reduction to E-1. Article 112a, UCMJ, 10 U.S.C. § 912a (1988). Appellant assigns two errors: (1) the military judge erred by failing to suppress appellant’s confession; and (2) the sentence is inappropriately severe. Finding no errors prejudicial to appellant’s rights, we affirm.
I. The Confession
A Facts
On 1 April 1993, agents of the Air Force Office of Special Investigations (AFOSI) brought appellant to their office to discuss his use of drugs. The AFOSI agents advised appellant of his Article 31 /Terapia rights. Appellant waived his rights and voluntarily provided a urine specimen for drug testing. The specimen eventually tested positive for the presence of a metabolite of cocaine. After appellant provided the specimen, the AFOSI agents asked appellant to consider assisting them in their efforts to locate military drug users and to provide his answer the next day. The agents did not question appellant about his own use and allowed him to return to his duties. On 2 April, appellant called the AFOSI agents and arranged to meet them. At the meeting, appellant waived his rights and orally confessed to using cocaine on four occasions between 14 February and 26 March 1993. He also agreed to assist the AFOSI agents.
Thereafter, while appellant was working for the AFOSI, special agents asked for, and appellant provided, more detailed information about his use of cocaine. Appellant freely answered these questions, and later provided some written statements.
At trial, appellant moved to suppress his 2 April statement, under Mil.R.Evid. 304(g) as uncorroborated, and subsequent inculpatory statements, under Mil.R.Evid. 305 as involuntarily given. The military judge suppressed all statements appellant gave to AFOSI after 2 April because they were made without proper warnings or were derived from statements made without warnings. The military judge found the 2 April oral confession was adequately corroborated and refused to suppress it.
Citing United States v. Briley, 26 M.J. 977 (A.F.C.M.R.), pet. denied, 27 M.J. 443 (C.M.A.1988), trial defense counsel convinced the military judge that appellant could plead not guilty and enter a confessional stipulation, but still preserve the corroboration issue on appeal. The trial counsel was granted a recess so he could consult with the staff judge advocate for the general court-martial convening authority, who apparently had a policy prohibiting trial counsel from entering a confessional stipulation without his approval. Thereafter, appellant pled not guilty and stipulated to wrongfully using cocaine on four occasions between 1 February and 1 April 1993. After conducting a thorough inquiry required by United States v. Bertelson, 3 M.J. 314 (C.M.A.1977), the military judge accepted the confessional stipulation. The members convicted appellant of using cocaine on divers occasions between 1 February and 1 April 1993.
Appellant asserts the urinalysis results do not corroborate more than a single use of cocaine, on about 1 April 1993. The United States argues that appellant failed to preserve the corroboration issue for appeal because (1) appellant’s confession was never offered or admitted into evidence, (2) by entering a stipulation of fact, appellant agreed to be bound by the facts contained therein, and (3) appellant’s reliance on Briley is misplaced. The United States also asserts that the military judge did not abuse her *677 discretion in ruling the confession was adequately corroborated.

B. Preservation of the Issue

Until quite recently, an accused was not permitted to plead guilty and preserve a motion to suppress evidence. A guilty plea waived motions on the admissibility of evidence and failed to preserve them for appellate review. R.C.M. 910(j); Manual for Courts-Martial, United States, 1969 (Rev. ed.), ¶ 70a; Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); but see United States v. Williams, 41 C.M.R. 426 (A.C.M.R.1969) (accused did not waive pretrial motion when law officer told him he could preserve issue on appeal despite his guilty plea — plea was not truly voluntary if given under belief that he had preserved issue on appeal). The accepted manner in which to preserve for appeal the substance of a pretrial motion was to plead not guilty and make the government prove its case. Creative defense counsel, however, sought ways to avoid lengthy litigation on the merits when an accused’s sole means of escaping conviction and punishment was winning a motion on appeal.
In United States v. Rempe, 49 C.M.R. 367 (A.F.C.M.R.1974), the accused pled not guilty, but entered a stipulation admitting his guilt. Rempe did not wish to dispute the evidence of his guilt, but pled not guilty solely to preserve for appellate review his motion to dismiss the charges. On appeal, Rempe claimed the military judge erred in accepting his stipulation because to do so violated Manual for Courts-Martial, United States, 1969 (Rev. ed.), ¶ 154b — “[i]f an accused has pleaded not guilty and the plea still stands, the court should not accept a stipulation which practically amounts to a confession.” This Court held that the military judge did not err because appellant had knowingly and intelligently consented to the stipulation after the military judge conducted an inquiry which met the basic requirements for a guilty plea providence inquiry. Although the military judge’s ruling on the motion to dismiss was never assigned as an error, this Court, parenthetically, found it to be proper. Rempe, 49 C.M.R. at 368.
Three years later, in dictum, the Court of Military Appeals, suggested the Rempe decision was correct.
If an accused and his lawyer, in their best judgment, think there is a benefit or advantage to be gained by entering otherwise objectional evidence, as in Rempe where the accused consented to the admission of a confessional stipulation in order to preserve an error for appellate review, we perceive no reason why they should not be their own judges with leeway to do so.
United States v. Bertelson, 3 M.J. 314, 315-16 (C.M.A.1977); see also United States v. Schaffer, 12 M.J. 425, 428 n. 6 (C.M.A.1982). (Court suggested that there was some military precedent for using conditional guilty plea. “Another approach to achieving substantially the same result is a plea of not guilty coupled with a negotiated confessional stipulation of fact.”). Despite these cases, the absence of clear authority in courts-martial for such a procedure resulted in great uncertainty as to whether an accused could plead guilty and preserve issues on appeal. Manual for Courts-Martial, United States, App. 21 at A21-55 (1994 edition).
In 1984, the President adopted R.C.M. 910(a)(2) which specifically provided for conditional guilty pleas. An accused, with the consent of the Government and the approval of the military judge could enter a conditional guilty plea and reserve the right to appeal the adverse, ruling.
In Briley, the accused moved to suppress his pretrial statements to investigators, and evidence derived therefrom, because criminal investigators had failed to advise him of his rights to silence and to an attorney. After he lost this motion, he pled not guilty, but entered into a confessional stipulation. On appeal, this Court questioned whether this procedure could adequately preserve appellant’s motion. At that time, we were “satisfied that it has been recognized as a permissible method of preserving appellate issues in military law.” Briley, 26 M.J. at 977-78 (citing Bertelson and Rempe). Although Briley was tried 3 years after the adoption of R.C.M. 910(a)(2), this Court failed to discuss the ramifications of that rule on the Rempe/Bertelson/Schaffer decisions.
*678 The Rempe/Bertelson/Sckaffer line of cases was meant to fill a void in our legal system. The courts did not believe judicial and governmental resources should be wasted by forcing an accused to go through an entire trial simply to preserve an issue for appeal. On the other hand, when an accused stipulates to his guilt, he relieves the government of the burden of producing any evidence whatsoever at trial. If the appellate court finds the military judge erred, it is forced to send the case back for a new trial, because it has no way of knowing whether the error was inconsequential in light of overwhelming evidence in the hands of the prosecution. By the time the case is returned for retrial, “witnesses may be lost, memories dimmed, and the offense grown so stale as to lose jury appeal.” Manual for Courts-Martial, United States, App. 21 at A21-55-56 (1994 edition) (quoting Fed. R.Crim.P. 11 advisory committee’s note). That is why conditional pleas under R.C.M. 910(a)(2) are reserved for those cases in which an adverse ruling on appeal ends the case — ie., the government is unable to retry the accused on any of the specifications because of the appellate court’s decision on the preserved issue. See United States v. Wong Ching Ring, 867 F.2d 754 (2d Cir.1989); United States v. Pond, 36 M.J. 1050, 1060 (A.F.C.M.R.1993); United States v. Felix, 36 M.J. 903, 905 n. 1 (A.F.C.M.R.1993) (en banc), aff'd, 40 M.J. 356 (C.M.A.1994), cert. denied, — U.S. -, 115 S.Ct. 906, 130 L.Ed.2d 789 (1995); United States v. Birbeck, 35 M.J. 519, 522-24 (A.F.C.M.R.1992) (Pratt, J., concurring), pet. denied, 38 M.J. 177 (C.M.A.1993); United States v. McLaren, 34 M.J. 926, 927 n. 1 (A.F.C.M.R.1992), aff'd, 38 M.J. 112 (C.M.A.1993), cert, denied, — U.S. -, 114 S.Ct. 1056, 127 L.Ed.2d 377 (1994); United States v. Phillips, 32 M.J. 955, 956 (A.F.C.M.R.1991).
When the President promulgated R.C.M. 910(a)(2) in 1984, we believe he meant to preempt the Rempe/Bertelson/Schaffer decisions by establishing a method whereby an accused could plead guilty and still preserve selected issues for appeal, while the government could ensure judicial economy by requiring that the preserved issues be case dispositive. Therefore, we believe our ruling in Briley was in error, and overrule it to the extent it holds that an accused still can preserve evidentiary issues for appeal by pleading not guilty and stipulating to his guilt.
Having overruled Briley, our next task is to determine how we should treat appellant’s case. In as much as the military judge, counsel, and the accused, were misled by the Briley decision, and the staff judge advocate to the general court-martial convening authority apparently blessed the process by agreeing to the confessional stipulation, we do not believe it would be fair to deny consideration of this assignment of error on its merits. We will apply this new rule prospectively, to all cases tried after the date of this decision. Therefore, we will consider whether the 2 April confession was adequately corroborated to be admitted into evidence.

C. Corroboration

A prosecution expert witness testified on the motion to suppress that the urinalysis result proved that appellant must have ingested cocaine within 72 hours (approximately 29 March) of providing the urine specimen (1 April), and was consistent with one-time use during that time period. The expert could not rule out cocaine use between 14 February and 26 March, but believed that the evidence could not conclusively support such a conclusion either. Appellant claims the urinalysis result did not corroborate his confession to use of cocaine on four occasions between 14 February and 26 March.
An accused’s confession may only be considered as evidence of his guilt if independent evidence has been introduced “that corroborates the essential facts admitted to justify sufficiently an inference of their truth.” Mil.R.Evid. 304(g). The quantum of evidence required for corroboration has been described as “very slight.” United States v. Melvin, 26 M.J. 145, 146 (C.M.A.1988). The purpose of the corroboration requirement is “to guard against conviction of an accused on a false or untruthful confession.” S. Saltzburg, L. Schinasi & D. Schlueter, Military Rules of Evidence Manual 166 (3d ed. 1991). The evidence need not corroborate each and every element of the confessed offense, just *679 the trustworthiness of the confession. United States v. Rounds, 30 M.J. 76, 80 (C.M.A.), cert denied, 498 U.S. 846, 111 S.Ct. 130, 112 L.Ed.2d 98 (1990).
We believe the urinalysis result, on its own, was sufficient to corroborate appellant’s confession. The essential fact appellant admitted in his confession was that he was a recent cocaine user. The urinalysis result raised the inference that appellant was telling the truth. It established that appellant recently had ingested cocaine. From that fact, a factfinder could logically infer that appellant knowingly used cocaine. See United States v. Mance, 26 M.J. 244, 254 (C.M.A. 1988), cert, denied, 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988).
Regardless, the urinalysis result was not the only corroboration presented by the prosecution: appellant’s duty performance had declined, he frequently reported to work late and departed early, he became quiet and withdrawn, his apartment was denuded of furniture, and he had financial problems. This circumstantial evidence, along with the urinalysis results, adequately corroborates appellant’s confession. See United States v. Maio, 34 M.J. 215 (C.M.A.), cert, denied, 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 138 (1992); Rounds, 30 M.J. at 80; cf. United States v. Wagner, 20 M.J. 758, 762 (A.F.C.M.R.), pet. denied, 20 M.J. 425 (C.M.A.1985).
II. Sentence Appropriateness
Appellant claims his sentence is too severe in light of his 16 years of excellent service to the United States, including service in Panama during Operation Just Cause. He notes that, except for one Article 15 in 1989, the only disciplinary actions taken against him resulted from his use of cocaine.
Accused’s performance reports support his contention that he performed his duties well. In 1989, however, he was punished under Article 15, UCMJ, 10 U.S.C. § 815 (1988), for purchasing diapers at a military shoppette in Panama for the purpose of transferring them to a person not entitled to purchase merchandise at a U.S. military installation, and for entering a bar which had been declared off-limits. After his drug abuse was discovered, appellant received two letters of reprimand and an Article 15 for failing to go. As a result of the nonjudicial punishment, appellant was reduced from staff sergeant to senior airman.
We may affirm only such part or amount of the sentence as we find correct in law and fact and determine on the basis of the entire record should be approved. Article 66(c), UCMJ, 10 U.S.C. § 866(c). The purpose of this rule is to ensure “that justice is done and that the accused gets the punishment he deserves.” United States v. Healy, 26 M.J. 394, 395 (C.M.A.1988). In reviewing appellant’s sentence, we must determine “whether, when viewed as a whole, the approved sentence is inappropriate for this appellant based on appellant’s character and the circumstances surrounding the offense.” United States v. Joyner, 39 M.J. 965, 966 (A.F.C.M.R.1994). After reviewing this case, we conclude appellant’s sentence is not inappropriate.
III. Conclusion
The findings and sentence are correct in law and fact, and we find no errors prejudicial to appellant’s substantial rights. Accordingly, the findings and sentence are
AFFIRMED.
Chief Judge DIXON and Judge GAMBOA concur.