UNITED STATES

v.

Staff Sergeant Ernest L. NELSON, Jr., FR 429–15–9175 United States Air Force.

ACM 24775.

U.S. Air Force Court of Military Review.

3 Dec. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was charged with one specification of taking indecent liberties with a child, and was convicted by a court consisting of officer and enlisted members of the lesser included offense of lewd and lasciv- ious acts with a child. He was sentenced to a bad conduct discharge, two years confinement, forfeiture of $310 per month for two years, and reduction to airman basic. He has asserted five errors, primarily concerning the use of experts and the admissibility of prior consistent statements. There was error in the way prior consistent statements were handled, but we find the error was harmless and we affirm.

This case relies entirely on the testimony of the victim, the appellant's six year old stepdaughter. Much of the information she contributed was introduced through the testimony of others who interviewed her during the course of this case's investigation. This secondhand information forms the basis of all of the errors to be discussed here.

I

The appellant asserts that it was error to admit the stipulation of expected testimony of Mr. Jenkins, a child protective agency intake worker, in rebuttal. We agree. The trial counsel moved to admit the stipulation by stating it was being presented either "simply as rebuttal evidence under [R.C.M.] 913c(1)(c) or as a very clear prior statement by a witness under [Mil.R.Evid.] 801d(1)(b)." The stipulation was admitted over vigorous objection. The first problem with the trial counsel's motion is that R.C.M. 913(c)(1) merely lists the order of presentation of evidence in the case on the merits. It is not, by itself, a basis for admissibility. Despite the trial counsel's statement to the contrary, this motion was really based solely on the stipulation being admissible as evidence of a prior consistent statement.

■ This case presents the question of the admissibility of prior consistent statements for rebuttal. As a general rule, evidence must have been presented to the court before it can be rebutted. In the present case, the trial counsel attempted to introduce the stipulation to rebut inferences, raised at trial, that the child's grandmother had exerted undue influence over

her. We agree with Chief Judge Everett in his dissent in *United States v. Meyers*, 18 M.J. 347 (C.M.A.1984), that the key to these difficult cases is relevance.

■ The stipulation of expected testimony was based on statements made to Mr. Jenkins by the child after she had been living with her grandmother for about one month. By introducing the stipulation, the trial counsel was trying to rebut inferences of the undue influence of this very same grandmother. It is logically impossible to rebut allegations of undue influence by introducing a statement produced while the speaker is still living under the influence of the person whose influence the rebuttal seeks to disprove. Because of this impossibility, the statement made by the child to Mr. Jenkins is not relevant to resolve whether the grandmother caused the child to accuse the appellant falsely by exerting undue influence over her. Mil.R.Evid. 401. As a result, the stipulation of expected testimony was not admissible as evidence of a prior consistent statement. Mil.R. Evid. 402 and 801(d)(1)(B).

■ Harmless error results when it is not reasonably probable that the fact finders were swayed by invalid evidence. *United States v. Clark*, 12 M.J. 978 (A.F.C. M.R.1982). The evidence in this case is basically limited to the assertions of a 6 year old girl against the denial of her stepfather, the accused. The proof of this case was necessarily precariously balanced on the believability of the young girl's testimony. Unlike the situation in *United States v. Browder*, 19 M.J. 988 (A.F.C.M.R.1985), where the prior consistent statements presented new material to the fact finder, the stipulation in the present case was merely another recitation of information already before the court. Although it was error to admit the stipulation, it was harmless in this case. *United States v. Carson*, 702 F.2d 351 (2d Cir.), cert. denied 462 U.S. 1108, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983).

II

■ In two separate but related assignments of error, the appellant asserts that it was error to allow a clinical psychologist to testify about generalized behavior patterns of known or suspected abused children or for any of the expert witnesses to base their testimony on statements made by the victim when she was interviewed with the help of anatomically correct interview dolls. We disagree.

All the witnesses concerned in these assertions of error were recognized by the court as experts. Expert testimony cannot be evaluated by ordinary standards. It is inherent in the nature of experts that they may be discussing concepts or using techniques that we may not readily understand. The reason we ask experts to testify, and the reason we allow them to state their opinion is because they possess specialized knowledge in areas nonexperts may not understand. Expert testimony is governed by Military Rule of Evidence 702 which provides:

> Testimony by Experts. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The appellant has asserted that it was error to allow Dr. Hord, a clinical psychologist called by the government, to testify about generalized behavior patterns of known or suspected abused children. Dr. Hord did not offer his opinion on the specific truthfulness of the victim in this case. In fact, although he had reviewed a case file the trial counsel had provided, Dr. Hord had not even interviewed the child victim. *See United States v. Cameron*, 21 M.J. 59 (C.M.A.1985). Instead, his testimony was limited to comments about the usual truthfulness of child victims. Specifically, that since the subject matter involved in reports of sexual abuse is normally unknown to children who are the same general age as the victim in this case, re-

ports of sexual abuse by young children are usually truthful. This type of expert testimony has already been declared admissible in courts-martial. *United States v. Snipes*, 18 M.J. 172 (C.M.A.1984). The expert's testimony in the present case was well within the expected range of his expertise.

It is generally agreed that admissibility of expert testimony is left to the discretion of the trial court and that the decision to permit expert testimony should be sustained unless it is manifestly erroneous. *Salem v. United States Lines, Co.*, 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962); *United States v. Jefferson*, 17 M.J. 728 (N.M.C.M.R.1983).

Experts are allowed great leeway in what they use as a basis for their opinion. Military Rule of Evidence 703 allows use of any type of opinion base that is reasonably relied upon by experts in the particular field in forming opinions or inferences. Further, if the opinion base is of the type reasonably relied upon by experts, it need not be otherwise admissible.

In the present case, the experts' interviews of the victim were facilitated by the use of anatomically correct dolls. The trial judge allowed the experts to testify about the victim's actions with the dolls and allowed them to use those actions as a basis for their opinions. We see no reason to disagree. It was not error for the experts to testify based on interviews which were facilitated by the use of anatomically correct dolls. *See also United States v. Lemere*, 16 M.J. 682 (A.C.M.R.1983) (child victim allowed to use anatomically correct dolls to facilitate her testimony).

### III

We have reviewed the record of trial, the appellant's assertions of error, and the government's reply. The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.