**UNITED STATES, Appellee,**

**v.**

**Private First Class Robert M. SHEARER, 553–47–0173, United States Army, Appellant.**

**CM 444252.**

U.S. Army Court of Military Review.

13 Feb. 1986.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Eric T. Franzen, JAGC, Captain Harry L. Williams, Jr., JAGC, Captain Robert S. Johnson, Jr., JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Major Patrick M. Flachs, JAGC, Captain Samuel J. Rob, JAGC, Captain Robert L. Swann, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was tried on 21 March 1983 by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of violating a lawful general regulation by operating a government vehicle without a license and of negligent homicide, violations of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934, respectively. The members sentenced appellant to a bad conduct discharge, confinement for one year, total forfeitures, and reduction to Private E-1. The convening authority, Major General Thurman E. Anderson, approved the sentence but suspended all confinement in excess of three months for a period of six months. On 27 May 1983, the unexecuted portion of the approved sentence to confinement was remitted.

Appellant contends, *inter alia*, that General Anderson was disqualified to refer the charges to trial and to perform the initial review of the results, that he was deprived of favorable character witnesses and thereby denied a fair trial, and that the trial was also infected by unlawful command influence on the members. The resolution of these matters is controlled by *United States v. Anderson*, 21 M.J. 670 (A.C.M.R. 1985); *United States v. Scott*, 20 M.J. 1012 (A.C.M.R.1985); *United States v. Cruz*, 20 M.J. 873 (A.C.M.R.1985) (en banc); *United States v. Treakle*, 18 M.J. 646 (A.C.M.R. 1984) (en banc), *pet. granted*, 20 M.J. 131 (C.M.A.1985), and other relevant precedents.

 Appellant's case involves essentially the same evidence and contentions which were before us in *United States v. Anderson* and *United States v. Scott.* For the reasons stated in *United States v. Treakle*, 18 M.J. at 654–655, we conclude that General Anderson was not disqualified to refer this case to trial. As in *Anderson*, appellant has failed to raise the issue of actual unlawful command influence on potential witnesses. As noted below, appellant did have two favorable character witnesses, both noncommissioned officers from his unit. This, of course, is a positive indication that appellant was denied no favorable character witnesses. *See United States v. Arthurs*, 21 M.J. 686 (A.C.M.R. 1985).[1]

1. Nevertheless, we observe here again, as we did in *Cruz*, that "if appellant has anything further

As to the effect of General Anderson's actions on the members, the relevant questions are whether any of the members at appellant's trial had in fact heard General Anderson's message and, if so, whether they in fact understood it to be General Anderson's policies that favorable character evidence should be discounted and that a convicted soldier should not be retained. *See United States v. Kildare-Marcano*, 21 M.J. 683, 685 (A.C.M.R.1985). With respect to the findings in this case, there is obviously no danger that any member discounted favorable character testimony since no such evidence was presented by appellant during the merits portion of the trial.[2] Equally as obvious, a member who understands that he has been told to discharge any soldier he convicts has been subjected to no influence thereby with respect to the findings.

During the presentencing proceedings, however, appellant presented favorable testimony from the company motor sergeant, who stated that appellant had been a babysitter for his children, that he trusted appellant to watch his children, and that appellant attended church. He further stated that he believed that the church had helped appellant come to grips with his offenses. Appellant's first sergeant also testified on his behalf and stated that he felt that confinement would "possibly destroy [appellant's] future." The first sergeant also stated that even though the incident had bothered appellant considerably, he was never late for formation, maintained his appearance, and did what he was told.

Since the sentence was adjudged by members, our recent decisions in *United States v. Montesinos* and *United States v. Kildare-Marcano* control that aspect of the case. Here, as in those cases, the evidence before us fairly raises the issue of unlawful command influence on the members as to the sentence. Nevertheless, we have no evidence confirming the intrusion of General Anderson's policies into the sentence deliberations, nor have we any evidence of the effect, if any, these policies had on the sentence itself. As we have insufficient evidence to resolve the issue thus raised, we deem it appropriate to order an evidentiary hearing. We find no appearance of unlawful command influence affecting appellant's trial that will not be redressed by this action.

The record of trial is returned to The Judge Advocate General for submission to a different convening authority to take action in accordance with the guidelines set forth in *Montesinos* and *Kildare-Marcano*.[3]

Judge FELDER concurs.

NAUGHTON, Judge, concurring:

Even though I may disagree with some of the holdings in *United States v. Cruz* and *United States v. Treakle*,[1] I agree that Senior Judge Wold has correctly articulated those holdings and correctly applied them to the case at bar.

---

to offer, he is free to petition this court for permission to submit it in connection with a request for reconsideration. *See* Rule 20, CMR Rules of Practice and Procedure." 20 M.J. at 891 n. 25.

**2.** *Cf. United States v. Montesinos*, 21 M.J. 679, 682 (A.C.M.R.1985). The absence of character testimony takes this case out of the ambit of our recent decision in *United States v. Taylor*, 21 M.J. 840 (A.C.M.R.1986), a contested case before members where character evidence was introduced by the defense during the merits portion of the trial.

**3.** Appellant's remaining assignments of error have been considered and found to be without merit.

**1.** *See United States v. Cruz*, 20 M.J. 873, 894 (A.C.M.R.1985) (en banc) (Naughton, J., dissenting) and *United States v. Treakle*, 18 M.J. 646, 661 (A.C.M.R.1984) (en banc) (Naughton, J., concurring), *pet. granted*, 20 M.J. 131 (C.M.A. 1985).