**UNITED STATES**

v.

**Daniel K. CHAMBERS, Steelworker Second Class (E–5), U.S. Navy.**

**NMCM 99 01383.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 3 June 1999.

Decided 27 Feb. 2001.

LCDR Michael J. Wentworth, JAGC, USN, Appellate Defense Counsel.

LT William C. Minick, JAGC, USNR, Appellate Government Counsel.

Before LEO, Chief Judge, ANDERSON, Senior Judge, and PRICE, Appellate Military Judge.

ANDERSON, Senior Judge:

A military judge sitting as a general court-martial found the appellant guilty, pursuant to his pleas, of drunken driving resulting in injury and negligent homicide in violation of Articles 111 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 934. The appellant was sentenced to confinement for 18 months, forfeiture of all pay and allowances, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged, but in accordance with the terms of a pretrial agreement, he suspended all confinement in excess of one year.

Having carefully considered the record of trial, the appellant's assignment of error, and the Government's response, we conclude that except as noted below, the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See* Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Facts

After staying up all night, drinking and celebrating the birthday of his good friend, Steel Worker Third Class (SW3) Anderson, USN, the appellant drove his truck from New Orleans, Louisiana toward Bay St. Louis, Mississippi. SW3 Anderson was his only passenger. About an hour later, the

appellant fell asleep at the wheel. His truck hit a guardrail on the left side of the road, moved across three lanes and hit a concrete wall on the right, flipped over, and slid on its side for some distance. SW3 Anderson was partially ejected and dragged underneath the truck. He later died of severe head trauma. The appellant was uninjured. Neither the appellant nor SW3 Anderson was wearing a seat belt. A breathalyzer administered to the appellant at the police station several hours after the accident revealed that he had a 0.191 blood alcohol content. At trial, the appellant entered unconditional guilty pleas to drunken driving resulting in injury and negligent homicide. The language at the end of both specifications indicated that the appellant operated his vehicle in such a manner as to "fatally injure" SW3 Anderson.

## Multiplicity/Unreasonable Multiplication of Charges

In his assignment of error, the appellant contends that his convictions for drunken driving and negligent homicide were multiplicious, or in the alternative, an unreasonable multiplication of charges. The Government argues that the offenses were separate.

 Normally, unconditional guilty pleas waive a multiplicity issue.[1] *United States v. Heryford,* 52 M.J. 265, 266 (2000). However, where the specifications are facially duplicative, waiver does not occur. *United States v. Lloyd,* 46 M.J. 19, 20 (1997). In this case, based on the language contained within the specifications and the facts apparent on the face of the record, we find that the specifications are facially duplicative and that the issue has not been waived.

 The appellant may not be convicted and punished for two offenses where the elements of one are necessarily included in the elements of the other. *United States v. Britton,* 47 M.J. 195, 197 (1997); *United States v. Oatney,* 45 M.J. 185, 188–89 (1996); *United States v. Foster,* 40 M.J. 140, 142–43 (C.M.A.1994); *United States v. Teters,* 37 M.J. 370, 376–77 (C.M.A.1993); RULE FOR COURTS-MARTIAL 307(c)(4) and 907(b)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Discussion. Applying this elements test to the drunken driving and negligent homicide offenses, we find that each of these offenses requires proof of an element not included by the other. Drunken driving requires that an accused operate a vehicle and that his blood alcohol concentration be 0.10 or greater. MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 35b. Neither of these elements is included in negligent homicide. MCM, Part IV, ¶ 85b. Negligent homicide requires that a death result from the accused's negligence. Although injury to a victim can be included as an aggravating element of drunken driving,[2] as it was in this case, neither a fatality nor an injury is required to support a drunken driving conviction. *Compare* Art. 111, UCMJ, *with* MCM, Part IV, ¶ 35b. Consequently, because each offense requires proof of an additional element that the other does not, drunken driving and negligent homicide are not multiplicious.[3] *Oatney,* 45 M.J. at 188–89. This is true even though the appellant's drunken driving was the means by which he committed negligent homicide. *Id.; see also Teters,* 37 M.J. at 376.[4]

The appellant cites four cases to support his contention that the offenses are multipli-

---

1. The issues of multiplicity and unreasonable multiplication of charges were mentioned on the record by the military judge and the appellant's counsel during a discussion of the maximum punishment permissible based on the appellant's pleas. The defense counsel conceded that under "current case law," neither issue was viable. Record at 17–18.

2. The injury to the victim is a pleading element used to increase the maximum authorized punishment; it is not a statutory element. *See* Arts. 56 and 111, UCMJ, 10 U.S.C. §§ 856 and 911; MCM, Part IV, ¶¶ 35b and 35e.

3. We also note that the purpose behind the two offenses differs substantially. The drunk driving

offense is aimed at criminalizing the operation of a vehicle while intoxicated; the negligent homicide offense is aimed at criminalizing the killing of another as the result of simple negligence. They are different and distinct offenses.

4. The negligence involved in the negligent homicide not only included driving while under the influence of alcohol, but driving while under severe sleep deprivation. We note that the military judge defined the word, "impaired," as used in the negligent homicide specification, as meaning any intoxication sufficient to impair the rational and full exercise of mental and physical faculties. We find his definition here to be too narrow and to be incorrect as well. First, he was using the word "impaired" as it is defined as

cious.[5] All of these cases, however, were decided prior to the establishment of the elements test for multiplicity. *Teters*, 37 M.J. at 377. We now hold that drunken driving and negligent homicide are not multiplicious, even though they may stem from the same occurrence.

■ The issue of unreasonable multiplication of charges is more problematic. By charging the fatality as an aggravating element of the drunken driving offense, the Government added an additional year of confinement to the overall maximum punishment.[6] MCM, Part IV, ¶ 35e. This fatality, however, had already been included in the maximum punishment through the negligent homicide offense.[7] Because the double charging of the fatality unfairly increased the appellant's criminal exposure, we conclude that there was a partial unreasonable multiplication of charges. We will take corrective action in our decretal paragraph by excising the injury element from the drunken driving offense.[8] *See United States v. Quiroz*, 53 M.J. 600 (N.M.Ct.Crim.App.2000)(en banc), *certificate for review filed*, 53 M.J. 256 (2000).

## Conclusion

Accordingly, we except the words, "and did thereby cause said vehicle to fatally injure Steel Worker Third Class Jeffrey W.

Anderson, U.S. Navy," from Specification 2 of Charge I. The excepted words are dismissed. Subject to those exceptions, we affirm the findings. We have reassessed the sentence under the principles contained in *United States v. Cook*, 48 M.J. 434, 437–38 (1998), *United States v. Peoples*, 29 M.J. 426, 427–29 (C.M.A.1990), and *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986). Having done so, we affirm the sentence as approved on review below.

Chief Judge LEO and Judge PRICE concur.

---

a term of art under Article 111, UCMJ. The term "impaired" as used in a negligent homicide specification is not specifically defined, and we believe it should take its ordinary meaning, which is the fact or state of being damaged, weakened, or diminished. BLACK'S LAW DICTIONARY 754 (7th ed.1999). Second, the term "impaired," if used as a term of art under Article 111, UCMJ, is to be used only in relation to intoxication by a substance described in Article 112(a), UCMJ, 10 U.S.C. § 912(a), not in relation to intoxication by alcohol. MCM, Part V, ¶ 35c(6).

5. *United States v. McKinney*, 24 M.J. 421 (C.M.A. 1987) (summary disposition); *United States v. Zayas*, 24 M.J. 132, 136 (C.M.A.1987); *United States v. Mallery*, 14 M.J. 212 (C.M.A.1982) (summary disposition); *United States v. Woods*, 21 M.J. 856, 876 (A.C.M.R.1986).

6. The maximum punishment for drunk driving resulting in injury is a dishonorable discharge, forfeiture of all pay and allowances, and confine-

ment for 18 months; the maximum punishment for drunk driving not resulting in injury is a bad-conduct discharge, forfeiture of all pay and allowances, and confinement for six months. MCM, Part IV, ¶ 35e.

7. The maximum punishment for negligent homicide is a dishonorable discharge, forfeiture of all pay and allowances, and confinement for three years. Prior to 1994, the maximum confinement for this offense was one year. A 1994 amendment to the MCM increased the maximum confinement to three years to "eliminate the incongruity created by having the maximum punishment for drunk driving resulting in injury that does not necessarily involve death exceed that of negligent homicide where the result must be the death of the victim." MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), App. 23 at A23–18.

8. As indicated in the providence inquiry, the appellant was driving drunk for about an hour before the accident.