# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DOUGLAS E. REYNOLDS, JR.**
**United States Army, Appellant**

ARMY 20140856

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Colonel Susan K. Arnold, Staff Judge Advocate (pretrial)
Lieutenant Colonel Robert C. Insani, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles Lozano, JA; Major Andres Vazquez, Jr., JA; Major Leslie S. Smith, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Andres Vazquez, Jr., JA (on brief following first remand); Lieutenant Colonel Tiffany M. Chapman, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Matthew D. Bernstein, JA (on brief following second remand).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Linda Chavez, JA (on brief); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief following first remand); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA (on brief following second remand).

28 November 2017

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REMAND
-----------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of abusive sexual contact and one specification of sexual abuse of a child, in violation of Articles 120 and 120b, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 920b (2012 & Supp. I 2014) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, total forfeiture of all pay and

allowances, and a reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case is before us on remand under Article 66, UCMJ, for consideration in light of *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017).[1] Appellant alleges the military judge erred by allowing the government to use charged sexual misconduct to prove propensity to commit other charged misconduct. After reviewing all of the evidence in the record of trial, we are convinced of appellant's guilt beyond a reasonable doubt. With respect to the charge of sexual abuse of a child, we find that the error was harmless beyond a reasonable doubt. However, with respect to the charge of abusive sexual contact we are unable to conclude the military judge's error was harmless beyond a reasonable doubt, and take corrective action in our decretal paragraph.

## BACKGROUND

Appellant stands convicted of sexually assaulting twelve year-old AL and Sergeant First Class (SFC) YM at a family gathering near Fort Campbell, Kentucky, where appellant was assigned.

After arraignment but before trial on the merits, the government moved in limine to allow the use of evidence of the charge against AL "to help prove" the charge against SFC YM. Trial defense counsel opposed this motion. The military judge ruled the government could use the charged sexual offenses involving AL and SFC YM as propensity evidence for each other under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413. While still in the context of a trial before members, the military judge's ruling stated:

> The instruction will highlight that the introduction of such evidence does not relieve the government of its burden of proving every element of every offense charged, and that the fact-finder may not convict the accused of the charged offenses on the basis of the evidence admitted under [Mil. R. Evid.] 413 alone.

---

[1] This court has twice affirmed the findings and sentence in this case. On 17 June 2016, we summarily affirmed appellant's conviction and sentence. *United States v. Reynolds*, ARMY 20140856 (Army Ct. Crim. App. 17 Jun. 2016) (unpublished). After remand from our superior court for consideration in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), we again affirmed appellant's conviction and sentence. *United States v. Reynolds*, ARMY 20140856 (Army Ct. Crim. App. 5 Jan. 2017) (summ. disp.).

On 5 November 2014, however, prior to a trial on the merits, appellant elected to have his case heard by a military judge, sitting alone.

During the trial on the merits, AL testified that while sleeping on the floor of her cousin's bedroom she woke up to appellant rubbing her breasts and buttocks. AL got up and walked into the living room where her mother, SFC YM, and her uncle were sleeping on a couch and recliner, respectively. She waited until appellant went downstairs and then returned to her cousin's room, closed the door, and climbed into the upper bunk of her cousin's bunkbed. At school the following Monday, AL confided in a friend who convinced her she needed to tell her parents. AL told her father that afternoon on the telephone.

Sergeant First Class YM testified that after an evening of drinking and hanging-out with her brother-in-law (appellant's uncle), she fell asleep on the sofa. She woke to appellant fondling her breast under her bra. She flailed her arms and he stepped away. She fell back asleep, but again woke to appellant touching her breast. The next day, SFC YM told her brother-in-law she thought she had been fondled. When describing the incident, SFC YM stated at first she thought maybe she dreamed it because it was so surprising.

The issue of propensity did not come up in opening argument or the government's case in chief. In closing argument, the government argued the military judge could use the facts of appellant committing the sexual assault against AL to show he committed a sexual assault against SFC YM. In rebuttal argument, the government stated: "when you use [Mil. R. Evid.] 413 with the credible account of [AL] and you apply that to [SFC YM]'s assault, it clearly shows [appellant]'s propensity . . . to commit these sexual assaults." The military judge found appellant guilty of all charges and their specifications.

**LAW AND DISCUSSION**

The decision to admit evidence is reviewed for an abuse of discretion. *Hukill*, 76 M.J. at 221. "The meaning and scope of [Mil. R. Evid.] 413 is a question of law that is reviewed de novo." *Hills*, 75 M.J. at 354. In *Hills*, our superior court found the use evidence of charged misconduct admitted under Mil. R. Evid. 413 to prove other charged misconduct "violated [an a]ppellant's presumption of innocence and right to have all findings made clearly beyond a reasonable doubt, resulting in constitutional error." *Hills*, 75 MJ at 356. For constitutional error, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65

M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

The military judge's ruling on the government's Mil. R. Evid. 413 motion was, in hindsight, error. Because appellant objected to the government's motion, the error was preserved and the burden is on the government to show the error was harmless beyond a reasonable doubt.

The government meets its burden for the sexual abuse of a child charge. Government counsel did not use propensity evidence to prove the charge involving AL. The motion to admit evidence under Mil. R. Evid. 413 only requested use of evidence of the sexual abuse of AL to show appellant's propensity to commit the offenses against SFC YM.[2] The government never asked or argued for evidence of the abusive sexual contact against SFC YM to be considered for any purposes in the deliberations on AL. The testimony of AL was credible. AL clearly remembered the events, articulating details of what she was doing, how she was lying down, what she felt and saw. AL's account withstood all cross examination and there was no discernible motive to fabricate.

The defense case regarding AL was weak. Appellant chose to testify and was not compelling. He acknowledged there was no "bad blood" between him and AL, SFC YM, or any of their family. The defense case did not impugn AL's credibility in any way.

The government did use propensity evidence to prove the charge involving SFC YM. They requested this prior to trial and did not change this strategy after the trial shifted to military judge alone. In closing argument and again in rebuttal, the government relied on the evidence relating to AL to argue a propensity for appellant to commit the offenses against SFC YM. Although SFC YM's testimony was also credible, her statements regarding how she was unsure if she was dreaming cast some doubt that, but for the propensity evidence, the military judge may not have found appellant guilty of this charge.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty of the Specification of Charge I and Charge I are set aside and *conditionally* DISMISSED for judicial economy pending further appeal, if any, to our superior court. *See United States v. Britton*, 47 M.J. 195, 203 (C.A.A.F. 1997) (Effron, J., concurring); *United States v. Hines*, 75 M.J. 734, 738 n.4 (Army. Ct. Crim. App. 2016); *United States v. Woods*, 21 M.J. 856, 876 (A.C.M.R. 1986). Our dismissal is conditioned on

---

[2] Although the request was to only use the evidence to prove the charge against SFC YM, the military judge's ruling stated he would instruct the members that they could use the evidence in their deliberations for either charge.

REYNOLDS—ARMY 20140856

the Specification of Charge II and Charge II surviving the "final judgment" as to the legality of the proceedings. *See* UCMJ art. 71(c)(1) (defining final judgment as to the legality of the proceedings). The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the amended findings, the entire record, and in accordance with the principles of *United States v. Sales,* 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered to be restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5