# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist WILLIAM P. MOYNIHAN**
**United States Army, Appellant**

ARMY 20130855

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Colonel Sebastian A. Edwards, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert H. Meek III, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Julie L. Borchers, JA; Captain Oluwaesye Awoniyi (on brief on remand).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on brief); Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Captain Jeremy Watford, JA (on brief on remand).

30 November 2017

-----------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MULLIGAN, Senior Judge:

A panel of members convicted appellant, contrary to his pleas, of rape, two lesser-included offenses of aggravated sexual contact with a child, one lesser-included offense of wrongful sexual contact, and incest in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920 and 934 (2006). The adjudged and approved sentence provided for a dishonorable discharge, confinement for six years, and reduction to the grade of E-1.

This case is before us pursuant to Article 66, UCMJ. In a previous review of this case, we summarily affirmed appellant's findings of guilty and his sentence.

*United States v. Moynihan*, ARMY 20130855 (Army Ct. Crim. App. 12 Nov. 2015) (summ. disp.). The Court of Appeals for the Armed Forces (CAAF) subsequently set aside our decision and remanded the case back to this court in order to reconsider our decision in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). Having so reconsidered this case, we grant appellant partial relief by setting aside the finding of guilty for two specifications, conditionally dismissing these two specifications, and reassessing the sentence.

## BACKGROUND

### A. Evidence of Sexual Misconduct

Three of appellant's younger sisters, MM, JM, and EC, alleged that appellant engaged in various sexual encounters with them on multiple occasions between 2009 and 2011.

Specifications 1 and 2 of Charge I alleged conduct by appellant against MM while at appellant's home in New York in 2009. These specifications, respectively, asserted that appellant raped MM by penetrating her vagina with his finger and penis. In an interview with the Army Criminal Investigation Command (CID), when asked by CID, "Do you understand you sexually assaulted a juvenile," appellant replied, "yes." The panel found appellant guilty of the lesser-included offense aggravated sexual contact with a child for touching MM's genital opening (Specification 1), but acquitted him of raping MM with his penis (Specification 2).

Specifications 3, 4 and 5 of Charge I covered contact between appellant and his sisters at their parent's home in Tennessee in 2010 and 2011. The specifications alleged, respectively, that appellant raped MM, engaged in an aggravated sexual contact with EC, and raped JM. During his CID interview, appellant stated he penetrated MM's vagina with his finger. He also admitted he touched JM's vagina while sitting on top of her, wrestling with her on the floor. Appellant told CID that EC sat on his lap, but denied anything sexual had occurred. The panel convicted appellant of raping MM (Specification 3) and of the lesser-included offense of aggravated sexual contact with JM (Specification 5). The panel found appellant guilty of the lesser-included offense of wrongful sexual contact with EC (Specification 4).

### B. Instruction at Trial

On 22 May 2013, prior to trial, the government moved in limine to introduce evidence underlying each sexual misconduct charge under Mil. R. Evid. 413 and 414

to demonstrate appellant's propensity to commit the other charged sexual misconduct offenses. During appellant's arraignment on 12 June 2013, the government's motion was not discussed. On 28 June 2013, having received no response from defense counsel, the military judge issued a written ruling granting the government's motion. On 1 July 2013, defense counsel sent the military judge a formal response to the government motion and a request for reconsideration via email.[1] On 3 July 2013, the military judge granted defense counsel's request for reconsideration, but upheld his prior ruling.

After the close of findings, defense counsel stated he had no objections to the findings instructions proposed by the military judge. These instructions, which were ultimately read to the panel, included propensity instructions modeled after a standard Mil. R. Evid. 413 and 414 instruction. *See* Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook, 7-13-1 n.4 (1 Jan. 2010).[2] In essence, the military judge informed the members that, as to each victim, if they found by a preponderance of evidence that the appellant committed the alleged offense, the panel could then consider "the accused's propensity or predisposition to engage in sexual assaults" as to the other charges. The military judge further instructed the panel the burden was on the prosecution to prove each element of each offense beyond a reasonable doubt, and that the panel could not convict appellant of any specification or charge on the basis of the propensity evidence alone.

## LAW AND DISCUSSION

*A. Appellant did not waive or forfeit error concerning the propensity instruction.*

This case presents a challenge in determining the standard of review to apply concerning the military judge's propensity instructions. On the one hand, defense counsel responded that he had no objection to the military judge's instructions when proposed and, then later, registered no objection once the instructions were read to the panel. On the other hand, prior to trial, defense counsel requested the military judge reconsider his decision to permit the panel to consider the charged offenses for each victim as propensity evidence with regards to the charged offenses involving the other victims. Unfortunately, the defense counsel failed to memorialize their objections by placing their response and request for reconsideration on the record as an appellate exhibit. As the issue was not litigated in an Article 39a, UCMJ session,

---

[1] Defense counsel's formal response to the government's motion and the email to the military judge were not included as an appellate exhibit with the record of trial.

[2] These instructions, for purposes of our review, were essentially the same instruction at issue in *Hills*. 75 M.J. at 356.

we have no record from which to judge the extent or scope of the defense counsel's objection.

However, we need not delve into the question of whether appellant forfeited his objection to the military judge's instruction or preserved his objection by seeking reconsideration of the military judge's ruling on the propensity evidence. It is sufficient to find, as we do, that appellant, under the facts available in the record, did not affirmatively waive any objection to the military judge's propensity instructions.[3] Regardless of whether appellant preserved or forfeited his objection, we choose to exercise our discretionary authority under Article 66(c), UCMJ and "notice" the issue.

In *Hills,* CAAF found an erroneous propensity instruction, like that used here, is constitutional error, if preserved, and we may affirm the conviction only if the "government [] prove[s] there was no reasonable possibility that the error contributed to [appellant's] verdict." *United States v. Hukill*, 76 M.J. 219, 222 (C.A.A.F. 2017).

### *B. Was the error harmless beyond a reasonable doubt?*

As an initial matter, we must first address whether the specifications are factually sufficient. *See United States v. Moore*, ARMY 20140875, 2017 CCA LEXIS 191, at *6 (Army Ct. Crim. App. 23 Mar. 2017) (mem. op.). We find the testimony of the victims supporting appellant's conviction of Specifications 1, 3, 4 and 5 of Charge I to be credible and, overall, we are convinced beyond a reasonable doubt, without considering any propensity evidence, as to appellant's guilt of these charges. But as we noted in *Moore*, our personal determination as to appellant's guilt beyond a reasonable doubt is a different inquiry from whether the military judge's instructional error concerning propensity evidence was harmless beyond reasonable doubt. *Id*. at *7.

Before we begin a specification by specification analysis, we note that the trial counsel argued the issue of propensity in summation. We further note, however, and we explain below, that the panel acquitted appellant of numerous

---

[3] As we have recognized, under some circumstances, an affirmative statement by defense counsel to a military judge's instructions can waive the objection on appeal and put the issue beyond even a plain error analysis. *See United States v. Hoffman*, 76 M.J. 758, 764-65 (Army Ct. Crim. App. 2017). However marginal the record is regarding the defense opposition to the government's use of propensity evidence, and by extension, the propensity instructions at trial, we do not find an affirmative waiver in this case.

offenses when the testimony of the victims was not corroborated by appellant's admissions to law enforcement.

### 1. Specifications 3 and 5 of Charge I.

We find that the strength of the evidence as to Specifications 3 and 5 weigh in favor of finding that the propensity instruction was harmless beyond a reasonable doubt as to those charges. *Id*.; *see also United States v. Guardado*, 75 M.J. 889, 897-99 (Army Ct. Crim. App. 2016) (outlining factors to determine whether a propensity instruction was harmless beyond reasonable doubt).

In her testimony, Appellant's sister, MM, testified appellant penetrated her genital opening with his finger while inside the bathroom of their parent's home. In appellant's CID interview, he admitted to penetrating MM's genital opening with his finger in the hallway outside the bathroom. Based on the appellant's admission and the corroborative testimony of MM, we are convinced beyond a reasonable doubt that the erroneous propensity instruction did not contribute to appellant's conviction of Specification 3 of Charge I.

Appellant's sister JM testified about an incident in December 2010 when she and appellant were wrestling on their parent's living room floor. At some point, appellant touched her genital area over her clothes. In appellant's CID statement, he admitted he was sitting on top of her, and "I'm pretty sure I touched her vagina." While appellant did not specifically admit to a criminal intent in the touching, his admission to the *actus reus* convinces us that the instructional error was harmless. JM's testimony and appellant's own statement relating to this offense leave us convinced beyond a reasonable doubt that the military judge's instruction did not contribute to appellant's conviction of Specification 5 of Charge I.

We find beyond a reasonable doubt, based on the strength of the evidence supporting appellant's conviction for these specifications, that the result at trial would have been the same even if a propensity instruction had not been given. That is, we find the error caused by the military judge's propensity instruction was harmless beyond a reasonable doubt as to Specifications 3 and 5 of Charge I and, accordingly, affirm these findings of guilty.

### 2. Specifications 1 and 4 of Charge I

We cannot reach the same conclusion for Specifications 1 and 4 of Charge I.

The strength of the evidence supporting Specifications 3 and 5 presents a problem as it relates to Specifications 1 and 4. *See Moore*, 2017 CCA LEXIS 191, at

*10 ("The danger of propensity is related to the strength of the evidence.") (citing *Guardado*, 75 M.J. at 898). Where the evidence from which to draw a propensity inference is weak, it is less likely to result in harm; in contrast, when evidence is overwhelming on some specifications—as here, in Specifications 3 and 5 of Charge I—there is increased likelihood that panel members would use the strong evidence to find appellant's propensity to commit the offenses alleged in Specifications 1 and 4 of Charge I, where the evidence was not as strong. Specifically, appellant's statement to CID did not contain an admission or otherwise sufficiently corroborate the claims by the victims of these incidents. We are not, therefore, convinced beyond a reasonable doubt that the improper propensity instruction provided by the military judge did not play a role in the panel finding appellant guilty of Specifications 1 and 4 of Charge I. Accordingly, we set aside the panel's guilty findings as to these specifications. Because the evidence supporting Specifications 1 and 4 is insufficient to convince us beyond a reasonable doubt that the improper propensity instruction did not effect the panel's guilty findings, we set aside the convictions to Specifications 1 and 4 of Charge I and reassess the sentence.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty of Specifications 1 and 4 of Charge I are set aside and *conditionally* DISMISSED for judicial economy pending further appeal, if any, to our superior court. *See United States v. Britton*, 47 M.J. 195, 203 (C.A.A.F. 1997) (Effron, J., concurring); *United States v. Hines*, 75 M.J. 734, 738 n.4 (Army. Ct. Crim. App. 2016); *United States v. Woods*, 21 M.J. 856, 876 (A.C.M.R. 1986). Our dismissal is conditioned on the remaining guilty findings surviving the "final judgment" as to the legality of the proceedings. *See* UCMJ art. 71(c)(1) (defining final judgment as to the legality of the proceedings). The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the amended findings, the entire record, and in accordance with the principles of *United States v. Sales,* 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered to be restored. *See* UCMJ arts. 75(a).

Judge FEBBO and Judge WOLFE concur.

6



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court