# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DWIGHT D. HARRIS, JR.**
**United States Army, Appellant**

ARMY 20131045

Headquarters, Joint Readiness Training Center and Fort Polk
Wade N. Faulkner, Military Judge (arraignment)
Gregory A. Gross, Military Judge (motions hearing & trial)
Colonel Samuel A. Schubert, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Heather L. Tregle, JA (on brief); Lieutenant Colonel Charles D. Lozano, JA; Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA (on reply brief); Lieutenant Colonel Tiffany M. Chapman, JA; Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan R. Cronin, JA; Captain Benjamin A. Accinelli, JA (on brief following second remand); Major Brendan R. Cronin, JA; Captain Benjamin A. Accinelli, JA (on reply brief following second remand).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Linda Chavez, JA (on brief); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Captain Natanyah Ganz, JA (on brief following second remand).

16 February 2018

-----------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REMAND
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CELTNIEKS, Judge:

On this remand, we set aside the findings of guilty as to one specification of carnal knowledge with a child under the age of twelve years and one specification of aggravated sexual assault of a child, in light of our superior court's decisions in *United States v. Hills,* 75 M.J. 350 (C.A.A.F. 2016), *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), and *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017). We affirm the remaining findings of guilty and reassess the sentence.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of carnal knowledge with a child under the age of twelve years, one specification of aggravated sexual assault of a child, one specification of abusive sexual contact with a child, and one specification of sexual assault of a child in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. §§ 920 (2000 & Supp. V 2006; 2006; 2006 & Supp. IV 2011; 2006 & Supp. V 2012).[1] The military judge sentenced appellant to a dishonorable discharge, confinement for forty-five years, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case is before us on remand under Article 66, UCMJ, for consideration in light of *Hukill*. *United States v. Harris*, 76 M.J. 439 (C.A.A.F. 2017). This court has twice affirmed the findings and sentence in this case. On 27 July 2016, we summarily affirmed the findings and sentence. *United States v. Harris*, ARMY 20131045 (Army Ct. Crim. App. 27 July 2016) (unpublished). After remand from our superior court for consideration in light of *Hills*, we again affirmed appellant's conviction and sentence. *United States v. Harris*, ARMY 20131045, 2017 CCA LEXIS 129 (Army Ct. Crim. App. 28 Feb. 2017) (summ. disp.).

## BACKGROUND

Appellant stands convicted of sexually assaulting his stepdaughter, TCG, on different occasions when TCG was between seven and thirteen years old.[2] The last instance of sexual assault occurred on 23 November 2012, the day after Thanksgiving, during a 146-mile trip from appellant's quarters on Fort Polk, Louisiana, to Monroe, Louisiana. While appellant and TCG were driving to TCG's maternal grandmother's house to pick up a mattress, appellant stopped at a Motel 6 in Alexandria, Louisiana, approximately 54 miles from their starting point, and paid cash to rent a room. During the thirty minutes they were in the motel room, appellant had vaginal intercourse twice with his stepdaughter. They left the motel and resumed their trip to the grandmother's house in Monroe. After the mattress and other items were loaded onto appellant's truck, appellant drove away to visit his natural daughters who lived nearby. TCG "waited until [she] didn't see the truck anymore," and then told her grandmother "everything." That evening, local police visited the grandmother's house in response to a telephonic report of the incident, and TCG stayed with a paternal aunt in a neighboring town that night.

Prior to trial, the government moved *in limine* to allow the use of evidence of the charged offenses as propensity evidence for the other charged offenses under

---

[1] The military judge acquitted appellant of one specification of aggravated sexual contact with a child who had not attained the age of twelve years in violation of Article 120, UCMJ. This specification involved TDG, appellant's stepdaughter and younger sister of TCG, the victim in the balance of the charges.

[2] TCG was born on 26 May 1999.

2

Military Rule of Evidence [hereinafter Mil. R. Evid.] 414. Defense counsel opposed this motion. At an Article 39(a), UCMJ, session on 21 November 2013, the military judge notified the parties of his intent to hear the evidence on the charged misconduct and rule on the motion later, if necessary. During the same Article 39(a) session, the military judge admitted a certified copy of appellant's 23 November 2012 Motel 6 receipt without objection under Mil. R. Evid. 902, and appellant elected to have his case heard by the military judge sitting alone.

At trial on 5 December 2013, TCG testified about having vaginal intercourse with appellant at the Motel 6 in Alexandria while en route to her grandmother's house. TCG testified about similar abuse on other occasions prior to 23 November 2012, while living with appellant in family quarters at Fort Polk and at Fort Leonard Wood, Missouri. Her grandmother testified about what happened after TCG and appellant arrived at her house on 23 November 2012.

During closing argument, the government stated:

> Finally, there is [Mil. R. Evid.] 414. If you find that, by a preponderance of the evidence that [appellant] sexually assaulted [TCG] on the 23 November incident, you can use that evidence as propensity evidence for these other incidents. . . .
>
> . . . For the most recent sexual assault of [TCG], you have corroborating evidence, the receipt, which cannot be explained away in any reasonable or rational manner. And for the other sexual encounters, you have the propensity of [appellant] to commit sexual offenses against these victims by virtue of [Mil. R. Evid.] 414.

Following the government's closing argument, the military judge reminded the parties "on the record" he had not yet ruled on the Mil. R. Evid. 414 issue, saying, "I will let you know that at some point whether or not I'm going to. I still want to review all of my notes." Immediately after announcing he found appellant guilty of all charges and specifications related to TCG, the military judge stated, "I did consider the offenses alleged in Specification 3 of Charge II and Specification 1 of Charge III, and the Specification of Additional Charge I as they related to each other for [Mil. R. Evid.] 414 purposes but only as to those offenses."[3]

---

[3] Specification 3 of Charge II: "In that [appellant], U.S. Army, did, on divers occasions, at or near Fort Polk, Louisiana, between 1 October 2011 and 27 June 2012, engage in a sexual act, to wit: placing his penis into the vulva of Miss [TCG], who had attained the age of 12 years, but had not attained the age of 16 years."

(continued . . .)

3

**LAW AND DISCUSSION**

After appellant's court-martial, the Court of Appeals for the Armed Forces held it is constitutional error for a military judge to give an instruction under Mil. R. Evid. 413 to a panel that permits one charged offense of sexual misconduct to be used as propensity evidence in assessing another charged offense of sexual misconduct. *Hills*, 75 M.J. at 353. In *Hukill*, our superior court explained the *Hills* reasoning also applies to trials by military judge alone. *Hukill*, 76 M.J. at 220. There, the military judge allowed the propensity evidence involving charged offenses to be used against each charged offense for which appellant was convicted and, therefore, created constitutional error. *Id*.

For constitutional error, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). "The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is 'whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence.'" *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005) (quoting *United States v. Davis*, 26 M.J. 445, 449 n.4 (C.M.A. 1988)).

An error is not harmless beyond a reasonable doubt when there is a "reasonable possibility" it might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)); *see also United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015) (quoting *United States v. Davis*, 73 M.J. 268, 271 (C.A.A.F. 2014)). "There are circumstances where the evidence is overwhelming, so we can rest assured that an erroneous propensity instruction did not contribute to the verdict by 'tipp[ing] the balance of the members' ultimate determination.'" *Guardado*, 77 M.J. at 94 (quoting *Hills*, 75 M.J. at 358). Where a conviction is based solely on the credible testimony of an accuser, however, "the lack of supporting evidence makes it difficult to be certain that Appellant was convicted . . . on the strength of the evidence alone" when erroneous propensity evidence is considered by the fact-finder. *Id*. Here, the military judge erroneously considered propensity evidence under Mil. R. Evid. 414 for the three penetrative sexual offenses involving TCG.

---

(. . . continued)

Specification 1 of Charge III: "In that [appellant], U.S. Army, did, at or near Fort Leonardwood [sic], Missouri, between on or about 26 May 2006 and on or about 27 July 2007, commit the offense of carnal knowledge with Miss [TCG], a person under the age of 12 [years]."

The Specification of Additional Charge I: "In that [appellant], U.S. Army, did, at or near Alexandria, Louisiana, on or about 23 November 2012, commit a sexual act upon Miss [TCG], a child who had not attained the age of 16 years, to wit: placing his penis into the vulva of the said Miss [TCG]."

Regarding the sexual assault on 23 November 2012, we are convinced beyond a reasonable doubt the military judge convicted appellant based on the strength of the evidence alone. TCG's description of what happened on the day after Thanksgiving during a trip to her grandmother's house was clear and compelling as to how, when, where, and what offense occurred. TCG testified while they were in the motel room for "[a]round 30 minutes[,]" appellant took off her clothes and had sex with her twice. She defined sex as "[w]hen a guy puts his penis into a girl's vagina." After appellant was finished, TCG said, "We got back on the road to drive to Monroe" to pick up the mattress on her grandmother's porch. Her testimony was corroborated by appellant's 23 November 2012 cash receipt for room 146 at the Motel 6 in Alexandria. The grandmother's testimony about what happened after appellant and TCG arrived at her house later that day further corroborated TCG's description of events on 23 November 2012. Defense counsel's efforts to undermine TCG's credibility during multiple cross-examinations were unsuccessful.

We are not convinced, however, that the erroneous use of propensity evidence did not factor into appellant's conviction on the two penetrative offenses dated before 23 November 2012. From an evidentiary standpoint, aside from tangential information gleaned from appellant's Enlisted Record Brief (ERB),[4] these offenses were supported entirely by TCG's testimony. Further, the 23 November 2012 offense was the centerpiece of the government's case against appellant; consistent with its closing argument, the flow of propensity evidence emanated from the incident in the motel room to the earlier offenses. As in *Guardado*, notwithstanding TCG's credibility, the strength of her testimony alone was not enough to convince this court beyond a reasonable doubt that the propensity evidence considered by the military judge did not influence his findings on Specification 3 of Charge II and Specification 1 of Charge III. Consequently, we conclude the admissibility of propensity evidence under Mil. R. Evid. 414 was not harmless beyond a reasonable doubt as to those offenses, and their findings and the sentence cannot stand.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty of Specification 3 of Charge II, and Specification 1 of Charge III and Charge III are set aside and *conditionally* DISMISSED for judicial economy pending further appeal, if any, to our superior court. *See United States v. Britton*, 47 M.J. 195, 203 (C.A.A.F. 1997) (Effron, J., concurring); *United States v. Hines*, 75 M.J. 734, 738 n.4 (Army. Ct. Crim. App. 2016); *United States v. Woods*, 21 M.J. 856, 876 (A.C.M.R. 1986). Our dismissal is conditioned on Specification 7 of Charge II and Charge II, and the Specification of Additional Charge I and Additional Charge I surviving the "final judgment" as to the legality of the proceedings. *See* UCMJ art. 71(c)(1) (defining

---

[4] The duty stations listed in the "Assignment Information" portion of appellant's ERB (Pros. Ex. 3) match the charged locations for all three penetrative offenses.

final judgment as to the legality of the proceedings). The remaining findings of guilty are AFFIRMED.

When determining whether we can appropriately reassess the sentence, we are guided by four non-exclusive factors found in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). First, conditionally dismissing the findings for the specifications and charge listed above decreases the maximum sentence to confinement from life without eligibility for parole to forty-five years, a dramatic change in the penalty landscape. Second, appellant was sentenced by a military judge alone. This court is confident we can discern what punishment a military judge would consider appropriate in this case. Third, biting the breast of his stepdaughter on divers occasions[5] and having vaginal intercourse with her when she was no more than thirteen years old captures the gravamen of appellant's criminal conduct. Finally, we have sufficient experience and familiarity with the remaining offenses to reliably determine what sentence would have been imposed at trial. *See id.*

Reassessing the sentence on the basis of the error noted, the amended findings, the entire record, and in accordance with the principles of *United States v. Sales,* 22 M.J. 305, 307-08 (C.M.A. 1986), and *Winckelmann*, 73 M.J. at 15-16, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for twenty years, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

Senior Judge BURTON and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] Specification 7 of Charge II: "In that [appellant], U.S. Army, did, on divers occasions, at or near Fort Polk, Louisiana, between 1 October 2011 and 27 June 2012, engage in sexual contact, to wit: . . . biting with his mouth the breast of Miss [TCG], a child who had attained the age of 12 years, but had not attained the age of 16 years."